WILLIAM S. HODGE *et al.*

*v.*

THE PEOPLE, for use of Pope county.

*Filed at Mt. Vernon June 14, 1880—Rehearing denied November Term, 1880.*

| 96 | 423 |
| 76a | 578 |
| 96 | 423 |
| 196 | 1294 |
| 96 | 423 |
| 205 | 1581 |
| 96 | 423 |
| 112a | 1625 |

1. APPEALS *from a trial court—whether to the Supreme or an Appellate Court—in suit on official bond.* The act of 1879, which provides that appeals may be taken from the trial court directly to the Supreme Court, in "all cases relating to the revenue, or in which the State is interested as a party, or otherwise," has reference to cases for the collection of revenue—such as suits for taxes—and not every case which may, however remotely, affect the revenue.

2. And the words of the statute, "in which the State is interested as a party, or otherwise," mean a direct and substantial, as contradistinguished from a purely nominal interest.

3. So an action of debt, in the name of The People, for the use of a county, upon a sheriff's bond, to recover fees alleged to have been collected and retained by the Sheriff, in excess of the amount allowed him by the county board as his salary, is not within the statute, the State having, in the proper sense, no interest whatever in such a suit. In such case, there existing none of the special conditions requisite to the jurisdiction of the Supreme Court, an appeal from the trial court should be taken, in the first instance, to the Appellate Court.

APPEAL from the Circuit Court of Pope county; the Hon. DANIEL M. BROWNING, Judge, presiding.

Messrs. MORRIS & BOYER, and Mr. J. A. ROSE, for the appellants.

Mr. WESLEY SLOAN, and Mr. THOMAS H. CLARK, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of debt on a sheriff's bond, to recover fees alleged to have been collected and retained by the Sheriff, in excess of the amount allowed him as his salary by the county board.

The cause was heard and final judgment rendered, by the Circuit Court, at its February term, 1880.

The appeal is taken directly to this court.

The case involves no question that entitles it to be brought direct from the Circuit Court to this court. It is manifest, from the nature of the case, that it can not involve a franchise or a freehold; and no question is raised in argument or upon the errors assigned, in which the validity of a statute or the construction of the constitution is involved. The act of 1879 (Laws of 1879, p. 222, § 88), it is true, provides that an additional class of cases may be brought directly from the Circuit Court to this court, namely: "All cases relating to the revenue, or in which the State is interested as a party or otherwise." But this, we understand to intend cases for the

collection of revenues—such as suits for taxes—and not every case which may, however remotely, affect the revenue—for this would embrace every suit in which a county, city, school district, etc., may be a party, since every such suit would, in some degree, affect the revenue. So, also, we understand the words, "in which the State is interested as a party or otherwise," to mean a direct and substantial, as contradistinguished from a purely nominal interest. In that sense, the State has no interest whatever in this suit.

The appeal should have been to the Appellate Court of the Fourth District. It will, therefore, be dismissed and appellants will be allowed to withdraw their record, abstracts and briefs.

*Appeal dismissed.*