JAMES J. McGRATH

v.

THE PEOPLE ex rel. Linnemeyer.

*At Ottawa, March Term, 1881.*

1. APPEAL—*direct from the trial court to the Supreme Court—what is a franchise.* An office is not a franchise, so as to give the Supreme Court jurisdiction to hear an appeal direct from the trial court in a proceeding by *quo warranto* bringing in question the right to hold and execute the duties of an office. The appeal in such a case should, in the first instance, be taken to an Appellate Court.

2. SAME—*whether "the State is interested, as a party or otherwise."* The State is not "interested, as a party or otherwise," in a proceeding in the nature of a *quo warranto* to try the title of a person to an office into which it was alleged he had intruded, in any such sense as would give to the Supreme Court jurisdiction to hear an appeal in such a proceeding directly from the trial court, under section 88 of the Practice act. The interest which the State must have in a cause, within the meaning of this section, in order to entitle either party to bring it directly to the Supreme Court from the trial court, is a substantial interest—as, a monetary interest.

APPEAL from the Circuit Court of Cook county.

This was an information in the nature of a *quo warranto,* brought in the name of the People, on the relation of Henry Linnemeyer, against James J. McGrath, charging him with usurping and intruding into the office of alderman of the 14th ward of Chicago. On the hearing of the cause in the court below judgment of ouster was pronounced. Respondent thereupon prayed and perfected an appeal directly to this court, and now the appellee—the People—come and move to dismiss the cause for want of jurisdiction in this court to hear and determine the appeal in the first instance. The appellant seeks to maintain the appeal, or rather the jurisdiction of this court to hear the appeal, for two reasons: *first,* that a franchise is involved in the case; and, *second,* that "the State is interested" in the cause, within the meaning of the 88th section of the Practice act.

Mr. Richard Prendergast, for the appellee, in support of the motion:

A *quo warranto* proceeding to try the title to an office is not a criminal case, nor does it involve a freehold or the validity of a statute, nor a franchise, hence an appeal from a judgment of the circuit court to this court is improper. *People* v. *Holtz*, 92 Ill. 426; *Chicago and Western Indiana R. R. Co.* v. *Dunbar*, 95 id. 571; Sec. 7, ch. 112, Rev. Stat.; Sec. 8 of act to establish Appellate Court.

Mr. W. E. Leffingwell, for the appellant, *contra,* cited section 88 of the Practice act, and insisted: The *real parties* to this controversy are the People of the State of Illinois and the appellant.   This court has said: "Where the object is the enforcement of a *public* right, the People are regarded as the *real party,* and the relator need not show that he has any interest in the result.   It is enough that he is interested as a citizen in having the laws executed, and the right in question enforced."   *Comr's of Pike County* v. *The People ex rel.* 11 Ill. 202.

It is true, that was a *mandamus* case, but it is claimed that the same principle applies to *quo warranto* proceedings.   A *quo warranto* information is of late considered as a civil proceeding.   *Rex* v. *Francis*, 2 Term R. 484; *Clark* v. *The People*, 4 Cowen, 95; *Richardson* v. *The People*, id. 111, and notes.

Scott, J.:   The first proposition can not be maintained. This court has decided, in *The People* v. *Holtz*, 92 Ill. 426, that an office is not a franchise, and that is conclusive as to this branch of the case.

We think the second position is also untenable.   The people have no interest in this matter as a State.   All the people do is to grant the writ, and we are of opinion,—at least a majority of the court are of opinion,—that the interest of

the State in a cause, in order to entitle either party to bring it directly to this court in the first instance,. must be a substantial interest,—as, a monetary interest.   No such interest as that is involved in this case.   We think, therefore, on neither ground can this appeal be maintained.   No franchise is involved, nor has the State any interest of the sort referred to, in this matter.   It is purely a local matter, and all the people do is to grant the writ.

The motion, therefore, to dismiss will be allowed.

*Appeal dismissed.*