BURTON A. HITCHCOCK, Appellee, *vs.* JEFFERSON J. GREENE *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. APPEALS AND ERRORS—*when a freehold is not involved.*  A freehold is not involved, on appeal from a decree construing a will, where the entire estate to be distributed is in the hands of the executor and is personal property, so that whether the will is sustained or held void no party to the appeal will gain or lose a freehold estate.

2. SAME—*the State must have a monetary interest in a suit to authorize direct appeal to Supreme Court.*  The interest which the State must have in a cause, within the meaning of the statute giving a direct appeal to the Supreme Court where the State is interested as a party, must be a monetary interest, and the mere fact that the State is a nominal party, having no substantial interest, is not sufficient.

3. SAME—*when interest of State is not sufficient to authorize a direct appeal to Supreme Court.*  The facts that a will contains a gift "for the education of poor children," and that the Attorney General was made a party defendant to a bill to construe the will, do not authorize a direct appeal to the Supreme Court from the decree construing the will.

APPEAL from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding.

JUDSON STARR, and WINSLOW EVANS, for appellants.

FRANK T. MILLER, LUTHER C. HINCKLE, CHARLES C. DUTCH, JACK, IRWIN, JACK & MILES, JOHN S. STEVENS, and W. H. STEAD, Attorney General, for appellee.

Per CURIAM: This was a bill in chancery filed in the circuit court of Peoria county by Burton A. Hitchcock, as executor of the last will and testament of Phœbe Rose, deceased, who died at her home in Dunlap, in said county, on the 14th day of September, 1904, for the construction of the twenty-second paragraph of the said will. The will contained twenty-three paragraphs and a clause nominating Burton A. Hitchcock executor, and was admitted to probate on the 28th day of October, 1908. Burton A. Hitchcock qualified as executor on October 30, 1908. The estate consisted of real estate of the value of $1200, situated in the village of Dunlap, and promissory notes, secured by mortgages, of the aggregate value of $117,000, and some personal effects of the deceased of no great value. Prior to the filing of this bill the real estate had been sold by the executor under the powers conferred on him by the second paragraph of the will and all the personal property had been reduced by him to possession. The testatrix was a widow and childless, and after bequeathing to her relatives and friends about $20,000 of her estate, including certain keepsakes, jewelry, etc., she incorporated into her will, as paragraph 22, the following provision: "It is my will after what I have named be satisfied what left be equally divided between home missions and foreign mission and for education of poor children." The heirs of the testatrix, certain religious and charitable corporations and the Attorney General were made parties defendant to the bill. Answers and replications were filed and the court entered a decree, in which it was determined that under the twenty-second paragraph of the will one-fourth of the estate was bequeathed to the Board of Foreign Missions of the Presbyterian Church of the United States of America, one-fourth to the Board of Home Missions of the Presbyterian Church of the United States of America, and one-half was set aside for the education of poor children, and that a trustee should be appointed to receive and handle

the fund set aside for the education of poor children, and ordered the executor to pay over to said board of foreign missions and said board of home missions each one-fourth and to the trustee thereafter appointed by the court one-half of the estate remaining after payment of all expenses of administration and the costs in that court, including certain solicitor's fees fixed by the court. Jefferson J. Greene and Langford R. Greene, two of the heirs, have prosecuted this appeal.

The executor has filed a brief in this court, in which he urges this court is without jurisdiction to determine this appeal. It is clear this court does not have jurisdiction of this appeal unless a freehold is involved or the State is interested, as a party or otherwise, in the litigation. The sole question to be determined upon this record is, did the trial court properly construe the twenty-second paragraph of the will of Phœbe Rose, deceased?

The entire estate to be distributed is in the hands of the executor and is personal property, and, regardless of the construction placed upon paragraph 22 of the will,—that is, whether it is sustained in whole or in part or is held to be absolutely void,—no party to this appeal will gain or lose a freehold estate. In order to give this court jurisdiction of an appeal on the ground a freehold is involved a freehold must be directly involved, and the fact that a freehold is collaterally or incidentally involved is not sufficient; (*Burroughs* v. *Kotz*, 226 Ill. 40;) and to give this court jurisdiction of an appeal on the ground that the State is interested, as a party or otherwise, the State must have a direct and substantial interest in the subject matter of the litigation, and if the State is only a nominal party and has no substantial interest in the litigation no appeal from the decree of the lower court will lie directly to this court. (*Hodge* v. *People*, 96 Ill. 423.) The interest which the State must have in a cause, within the meaning of the statute giving a direct appeal to this court, must be a sub-

stantial interest,—a monetary interest.   (*McGrath* v. *People,* 100 Ill. 464.)   It is clear the State has no monetary interest in this litigation and is only a nominal party thereto.   (*Canal Comrs.* v. *Sanitary District,* 191 Ill. 326.)   We are of the opinion this appeal should have been taken to the Appellate Court in the first instance.

The appeal will therefore be transferred to the Appellate Court for the Second District, and the clerk of this court is hereby directed to transmit the record and files to the clerk of that court.          *Appeal transferred.*