THE PEOPLE *ex rel.* A. C. MOFFETT *et al.* Appellees, *vs.* WILLIAM R. TURNBULL *et al.* Appellants.

*Opinion filed December 17, 1912.*

1. APPEALS AND ERRORS—*revenue must be directly involved to give the Supreme Court jurisdiction.* To give the Supreme Court direct appellate jurisdiction upon the ground that the revenue is involved, the revenue must be directly, and not incidentally, involved.

2. SAME—*when revenue is not directly involved.* Where a city repeals an ordinance establishing a public library after the library board has purchased the site and let the contract for the building and after the building is begun and library taxes have been appropriated for one year, a subsequent proceeding by *mandamus* to compel the city council to pass an ordinance appropriating a sum to maintain the library for another year and levy the sum as a tax does not directly involve the revenue.

APPEAL from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding.

C. F. WEMPLE, City Attorney, and BELLATTI, BARNES & BELLATTI, for appellants.

ROBERT TILTON, State's Attorney, and KIRBY, WILSON & BALDWIN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees, as directors of the free public library of the city of Waverly, filed a petition in the circuit court of Morgan county praying that a writ of *mandamus* issue against the mayor, city council and city clerk of the city of Waverly, in said county, to compel them to pass an ordinance appropriating a sum of money to maintain a free public library in said city, and thereafter to include in the annual tax levy ordinance said sum for that purpose. Appellants having filed a demurrer, which was overruled, excepted and elected to stand by their demurrer. Final judgment was entered ordering that a peremptory writ of *mandamus* issue as prayed. From that judgment this appeal was taken.

It appears from the petition that the city of Waverly, by ordinance passed May 9, 1911, established a library under the provisions of "An act to authorize cities, incorporated towns and townships to establish and maintain free public libraries and reading rooms;" (Hurd's Stat. 1911, p. 1460;) that in pursuance of said ordinance a board of nine directors was appointed for said library; that February 23, 1912, the said city council unanimously adopted a resolution accepting a donation of $4500 for the erection of a free public library building for said city and pledging itself to comply with the donor's requirements, and setting forth that the city would maintain the library at a cost of not less than $450 a year and furnish a suitable site for said building, and that an annual levy should thereafter be made upon the taxable property of said city sufficient to comply with said requirements. The record shows that the said donor thereafter deposited said sum of $4500 to pay for the erection of said building, to the credit of the library board; that the library board raised funds and purchased and took title to a site for the library; that on April 10,

1912, the board entered into a contract for the erection of the building for $4560; that the building was commenced and would be completed about September 1, 1912; that said city council in the year 1911 appropriated the $450, but that in 1912, by a vote of four to two, said council passed an ordinance repealing the ordinance creating said public library and refused to appropriate $450 in the annual appropriation ordinance, declaring it would not levy said sum, or any sum, for the library.

This suit has been brought directly to this court on the ground that it involved revenue. To give jurisdiction in such cases revenue must be directly and not incidentally involved. (*Wells* v. *Rogers,* 196 Ill. 292; *People* v. *Hendee,* 199 id. 55; *Reed* v. *Village of Chatsworth,* 201 id. 480; *People* v. *City of Peoria,* 229 id. 225, and cases cited.) In *Reed* v. *Village of Chatsworth, supra,* this court said in relation to the test of jurisdiction in such cases, that the "question of revenue can only be at issue when some recognized authority of the State, or some of the municipalities authorized by law to assess or collect taxes, are attempting to proceed under the law and questions arise between them and those of whom the taxes are demanded." To decide whether the writ of *mandamus* rightly issued against appellants would require the court to determine the validity of said repealing ordinance. Manifestly, no question is at issue on this record between the municipality (those authorized to assess or collect taxes) and the property owners (those from whom the "taxes are demanded.")

The appeal was improperly taken to this court. The clerk will be directed to transmit the transcript of the proceedings to the office of the clerk of the Appellate Court for the Third District.                    *Cause transferred.*