THE PEOPLE *ex rel.* June C. Smith, Defendant in Error, *vs.* ALBERT D. RODENBERG, Plaintiff in Error.

*Opinion filed June 18, 1913.*

1. APPEALS AND ERRORS—*an office is not a franchise.* An office is not a franchise within the meaning of the provisions of the constitution and the statute relating to the appellate jurisdiction of the Supreme Court.

2. SAME—*interest of State must be a substantial interest.* To authorize a direct review by the Supreme Court upon the ground that the State is interested in the suit the interest of the State must be a substantial interest.

3. SAME—*case should go to Appellate Court where questions of practice, only, are involved.* Where questions of practice, only, are raised by the assignment of errors the case should go to the Appellate Court.

4. SAME—*when case involves only a question of practice.* An assignment of error on the ruling of the trial court in entering a judgment of ouster when it is claimed the case was not at issue involves a question of practice, only.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding.

BUNDY & WHAM, J. J. BUNDY, L. B. SKIPPER, and C. F. DEW, for plaintiff in error.

SAMUEL N. FINN, State's Attorney, (NOLEMAN & SMITH, of counsel,) for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an information in the nature of a *quo warranto,* brought in the circuit court of Marion county by the People, on the relation of June C. Smith, against Albert D. Rodenberg, charging him with unlawfully holding the office of judge of the city court of Centralia. Plaintiff in error filed a plea, to which four replications were filed. A general demurrer was interposed to these replications and sus-

tained.   On a writ of error prosecuted to this court the
judgment of the lower court was reversed and the cause
remanded, with directions to the circuit court to overrule
the demurrer.   (*People* v. *Rodenberg,* 254 Ill. 386.)   When
the case was re-instated in the circuit court the People
moved to overrule the demurrer and for judgment of ous-
ter.   A cross-motion was made by plaintiff in error, in
writing, for leave to plead over and file three rejoinders.
The court overruled the original demurrer and thereupon
plaintiff in error presented three rejoinders.   The court,
after a hearing, denied plaintiff in error's motion to plead
over and refused to permit the filing of the rejoinders.
Thereafter, and without further pleading, the court entered
judgment of ouster against plaintiff in error, with costs of
suit.   From that judgment this writ of error has been sued
out of this court.

We see no reason why, under the provisions of section
118 of the Practice act, this case can be brought directly
to this court.   In the former case the appeal was brought
directly to this court because constitutional questions were
involved.   No such questions are now raised, either by as-
signment of errors or by the briefs.   An office is not a
franchise within the meaning of the constitution and stat-
ute prescribing the appellate jurisdiction of the Supreme
Court and the Appellate Courts.   (*People* v. *Holtz,* 92 Ill.
426; *McGrath* v. *People,* 100 id. 464.)   Neither is the
State an interested party, as that term is used in the stat-
ute, so as to give this court jurisdiction on direct appeal.
The interest of the State, in order to entitle either party to
bring a case directly to this court in the first instance, must
be a substantial one.   No such interest is involved in this
case.   (*McGrath* v. *People, supra; Hodge* v. *People,* 96 Ill.
423; *Hitchcock* v. *Greene,* 252 id. 519.)   In the assign-
ment of errors and in the briefs the only question raised
is as to the ruling of the court in not permitting plaintiff
in error to file rejoinders and in entering judgment of ous-

ter when it is alleged the case was not at issue. The questions raised do not go to the merits but are solely those of practice. When questions of practice, only, are raised, the appeal should be taken to the Appellate Court. *Miller v. Kensil,* 223 Ill. 201; *Fread v. Fread,* 165 id. 228.

This court being without jurisdiction, the case must be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*