## Frederick B. Townsend, Appellant, v. A. D. Gash et al., Appellees.

### Gen. No. 5,994.

1.   APPEAL AND ERROR, § 1137*—*what effect of denial of motion to
dismiss appeal because State real defendant.*   Even though a motion
in the Appellate Court to dismiss an appeal on the ground that the
State is the real defendant be denied, the denial does not remove
the question from the case.

2.   COURTS, § 83*—*when Circuit Court has jurisdiction of suit
against State officers.*   The Circuit Court has jurisdiction · of a bill
by a taxpayer to declare void a contract by the State Highway Com-
mission for the purchase of cement for the construction of State aid

roads and to enjoin the Commission from purchasing material for the construction of such roads.

3. APPEAL AND ERROR, § 208*—*when appeal in cases involving revenue lies to Appellate Court.* A suit by a taxpayer to declare void a contract of the State Highway Commission for the purchase of cement for the construction of State aid roads, and to enjoin the Commission from purchasing material for the construction of such roads, does not involve the revenue directly but only indirectly, and the indirect reference to the revenue does not authorize an appeal direct to the Supreme Court.

4. APPEAL AND ERROR, § 219*—*when lies to Supreme Court in proceeding in which State directly interested.* Where a suit is brought by a taxpayer to declare void a contract of the State Highway Commission for the purchase of cement for the construction of State aid roads and to enjoin the Commission from purchasing any material for the construction of such roads, the State is directly interested and the appeal therein lies directly to the Supreme Court and not to the Appellate Court.

Appeal from the Circuit Court of De Kalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1914. Transferred to Supreme Court. Opinion filed January 6, 1915.

FAISSLER, FULTON & ROBERTS and KNAPP & CAMPBELL, for appellant; JOHN R. COCHRAN, of counsel.

P. J. LUCEY, Attorney General, GEORGE P. RAMSEY and DUNCAN & O'CONOR, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

On June 20, 1914, Townsend, a citizen and taxpayer of DeKalb county, filed a bill in equity, and afterwards an amended bill, against the State Highway Commission and the Marquette Cement Manufacturing Company. The amended bill alleged that said Commission advertised for bids for furnishing all the cement required in the construction of all State aid roads in this State during 1914; that the Marquette Cement Manufacturing Company was the lowest bid-

der, and that the contract therefore was made with it; that said Commission directed the preparation of specifications for the construction of State aid roads, requiring cement in such construction, and providing that the State shall furnish such cement at certain prices specified, and advertised for bids in many counties of the State for the construction of such State aid roads and for the furnishing of all materials, except cement, required therefor, and intends to let contracts thereunder and will expend about $400,000 for cement in 1914, and will purchase all said cement of said Marquette Cement Manufacturing Company for the year 1914, and will compel the use of the same. The amended bill further alleged that the statute does not authorize said Commission to purchase such cement for the construction of State aid roads, and that such contract is void for want of authority in the Commission to make the same, and that said Commission, unless restrained, will purchase large quantities of cement under said contract and will issue orders to the auditor of public accounts for warrants on the State treasurer for payment for such cement out of the State funds derived by taxation upon the property of the complainant and all other taxpayers, and if such orders are issued and such warrants are drawn and paid, this will constitute an unlawful expenditure of public funds. The prayer was that said contract be declared void, that the State Highway Commission be enjoined from purchasing cement or any other material for the construction of State aid roads, and from issuing any order authorizing the auditor of public accounts to draw his warrant upon the State treasurer for the payment of any public moneys for cement so purchased. The specifications and the contract are exhibits to the bill. The defendants filed a special demurrer. It was stipulated that the court should hear the cause upon the amended bill and the demurrer thereto and the motion by complainant for

an injunction and should enter a final decree, either granting a permanent injunction or dismissing the bill for want of equity. The court sustained the demurrer and complainant elected to stand by the amended bill and it was dismissed for want of equity, and the complainant appealed to this court.

Appellees moved to dismiss the appeal and to transfer the cause to the Supreme Court. These motions were inconsistent, but we entertained them both. The motion to dismiss the appeal was based upon the contention that the State is the real defendant and that for that reason the suit cannot be maintained. We denied that motion, but the question is still in the case, for if the State is the real defendant then no court can acquire jurisdiction of this cause, under section 26 of article IV of the Constitution, which provides that "The State of Illinois shall never be made defendant in any court of law or equity." We are of opinion that the Circuit Court had jurisdiction of the cause against these State officers, under the principles laid down in *Joos v. Illinois Nat. Guard*, 257 Ill. 138, and *Burke v. Snively*, 208 Ill. 328.

The motion to transfer the cause to the Supreme Court we took with the case. It was based upon the contention that the appeal lies to the Supreme Court and not to this court, under section 118 of the Practice Act of 1907 (J. & A. ¶ 8655), which provides for appeals from the Circuit Court to the Supreme Court, among other cases, "in all cases relating to revenue or in which the State is interested as a party or otherwise." It is decided in many cases that in order to require an appeal to the Supreme Court on the ground that a case relates to revenue, the revenue must be directly and not indirectly involved. Among other cases are *Reed v. Village of Chatsworth*, 201 Ill. 481; *People v. Turnbull*, 256 Ill. 532, and cases there cited. This case does not directly involve the revenue. If the appeal should have been to the Supreme Court

direct it must be on the ground that the State is interested, otherwise than as a party. The provision above quoted from the Practice Act of 1907 has been a part of the statute since it was incorporated into section 88 of the Practice Act in 1879 (Laws of 1879, p. 222). After that amendment, section 8 of the Act establishing Appellate Courts (J. & A. ¶ 2968) was amended and in terms provided what cases should be taken to the Supreme Court and did not include cases relating to the revenue or in which the State is interested. It was held in *Dement v. Rokker,* 126 Ill. 174, that said last-named act was applicable only to Appellate Courts, and that it did not affect the jurisdiction conferred upon the Supreme Court by said amended section 88 of the Practice Act. That was a suit for a mandamus against the commissioners of State contracts and the auditor of public accounts to compel said commissioners to certify the accounts of certain printers to the auditor of public accounts, and to compel said auditor to draw his warrant in favor of the printers upon the State treasurer for a certain sum, payable out of a certain appropriation, and commanding the treasurer to pay the same. The Supreme Court there took jurisdiction of an appeal direct from the Circuit Court, after consideration of the question. That court did not expressly state upon what clause of the statute it based its jurisdiction of a direct appeal from the Circuit Court. Apparently it was not upon the ground that the suit related to the revenue, but must have been upon the ground that the State was interested, and it must have been upon the ground that the State was directly and substantially interested, for it is elsewhere held that the interest which authorizes such an appeal must be a direct and substantial interest. *Hitchcock v. Greene,* 252 Ill. 519; *People v. Rodenberg,* 259 Ill. 78. *Dement v. Rokker, supra,* must therefore be considered as holding that that was a case in which the State was directly and

substantially interested. In *Canal Commissioners v. Sanitary Dist. of Chicago,* 191 Ill. 326, the canal commissioners filed a bill in the Circuit Court against the sanitary district to compel specific performance of a contract between the said bodies and for an injunction. There was a decree, not satisfactory to either party. The sanitary district appealed to the Appellate Court and the canal commissioners appealed to the Supreme Court, and the sanitary district moved to dismiss the latter appeal. That motion was denied on the ground that the State was directly interested in that suit. It was shown that the State was the owner of the canal, and that the canal commissioners were acting in their official capacity; that the canal was maintained by the State, which made up all deficiencies in the revenue and maintained a board of canal commissioners, with their equipment and employees, to operate the canal as a State enterprise. In the case at bar the State Highway Commission was acting under the first four articles of the codified Road and Bridge Act of 1913. (Laws of 1913, pp. 521-534.) There was thereby created a State Highway Department, whose officers were the State Highway Commission, the chief State highway engineer, and the assistant State highway engineer, appointed by the Governor and serving for a term of years under salaries paid by the State, with the expenses of the department. That act provided that public highways should be selected throughout the State, to be constructed and improved at the joint expense of the State and of the county in which such highway might be, which highways, after they had been so constructed or improved, should thereafter be maintained and kept in repair at the expense of the State. We conclude that within the principles laid down in *Canal Commissioners v. Sanitary Dist. of Chicago, supra,* on p. 333, the State is directly interested in this suit. The funds of the State are to be used to pay for cement under the contract here involved. The

State Highway Commission is acting in its official capacity for the State. After these State aid roads have been completed they are to be thereafter maintained at the State expense. The State aid roads are a State enterprise. We think this conclusion fairly appears from the review of this statute in *Martens v. Brady,* 264 Ill. 178. There are cases where the Supreme Court has taken jurisdiction of such a direct appeal, where the State was apparently no more interested than here, where the question of jurisdiction was not raised, but where we must presume that the Supreme Court would have declined jurisdiction of its own motion if it had not considered that it had jurisdiction. *Joos v. Illinois Nat. Guard, supra,* and *Burke v. Snively, supra,* are such cases. Our attention is called to cases where, before the act for the transfer of an appeal to the proper court, the Supreme Court dismissed, for want of jurisdiction, direct appeals to that court. We consider most of these cases distinguishable from the case now before us. There are cases, on the border line as to the court to which the appeal should go, where the Supreme Court took jurisdiction of appeals coming to it through the Appellate Court, where the question of jurisdiction of the appeal was not raised or discussed. While these decisions create some doubts upon the question, they do not justify us in attempting to decide the merits of this case, in which we conclude the State is directly interested.

It is therefore ordered that this cause be transferred to the Supreme Court pursuant to section 102 of the Practice Act of 1907 (J. & A. ¶ 8638).

*Transferred to the Supreme Court.*