(No. 11505.—Cause transferred.)

THE PEOPLE *ex rel.* Rufus M. Potts *et al.* Appellees, *vs.*
THE CONTINENTAL BENEFICIAL ASSOCIATION *et al.*
Appellants.

*Opinion filed October 23, 1917.*

1. APPEALS AND ERRORS—*right of a foreign corporation to do
business in Illinois is not a franchise.* The right of a foreign cor-
poration to do business in Illinois is a mere license and not a fran-
chise, as the franchise of the corporation is the privilege emanat-
ing from the State of its creation, and hence a bill to enjoin a
foreign corporation from further continuing business in Illinois
does not involve a franchise.

2. SAME—*what necessary to give jurisdiction because the State
is interested.* To give the Supreme Court direct appellate jurisdic-
tion on the ground that the State is interested as a party or other-
wise, the interest of the State must be a direct and substantial one
in the subject matter of the litigation; and such is not the case
where a bill is filed in the name of the People to enjoin a foreign
insurance corporation from continuing business in Illinois and ask-
ing for the appointment of a receiver upon the ground of the de-
fendant's insolvency.

APPEAL from the Superior Court of Cook county; the
Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

DAVID K. TONE, for appellants.

EDWARD J. BRUNDAGE, Attorney General, CHURCH,
SHEPARD & DAY, and RYAN, CONDON & LIVINGSTON, (IR-
VIN I. LIVINGSTON, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On November 17, 1916, the Attorney General filed in
the superior court of Cook county a bill in the name of
the People of the State of Illinois, on the relation of Rufus
M. Potts, insurance superintendent, against the Continental
Beneficial Association, a Pennsylvania corporation licensed
to transact business in this State as a fraternal beneficial
association, charging the insolvency of the corporation and

280 – 8

fraudulent practices by it, and praying for an injunction against its further transacting business in the State and the appointment of a receiver of its assets within the State. A preliminary injunction was issued restraining the removal of the assets of the corporation, and the Chicago Title and Trust Company was appointed receiver. On November 28, 1916, David Phillips was appointed receiver of the corporation by a court in Pennsylvania, and on December 5, 1916, he, together with Adelaide Weiger and Clara Weiger, who were complainants in the suit in which he had been appointed receiver and beneficiaries under a matured policy issued to their father, filed a bill in the circuit court of Cook county praying for the appointment of an ancillary receiver to wind up the business of the association in this State. On December 6, 1916, an amended bill was filed in the case in the superior court on behalf of the People of the State of Illinois and all other persons who might wish to join as complainants, joining the Pennsylvania receiver and the Weigers as defendants, and the suit of the defendants so added, in the circuit court of Cook county, for the appointment of an ancillary receiver, was enjoined. This amended bill was answered, and on March 29, 1917, the cause was heard and a decree was entered making permanent the injunction restraining the association from transacting business in the State of Illinois and continuing the Chicago Title and Trust Company as receiver. From this decree the association, the Pennsylvania receiver, Adelaide Weiger and Clara Weiger have prosecuted an appeal to this court.

No objection has been made to this court's jurisdiction and no suggestion in regard to it has been made by the appellants, but the appellees state that the appeal was taken directly to this court because the franchise of the association to do business in this State is involved and the suit was brought in the name of the People of the State of Illinois. The case does not involve the franchise of the as-

sociation but only its license to do business in this State, which is not a franchise. A franchise is a privilege emanating from the sovereign power, owing its existence to a grant from the State. (*Board of Trade* v. *People,* 91 Ill. 80; *City of Chicago* v. *Rothschild,* 212 id. 590.) The powers of the corporation, which constitute its franchise, are granted to it by the charter under which it exists and are derived from the State by which its charter was granted. The appellant association is a creature of the State of Pennsylvania. It derives all its powers and franchises from the laws of that State. It has no right to do business in any other State except by comity and upon the express or implied consent of such other State and upon such conditions as such other State may think proper to impose. But the principle of comity which permits corporations of one State to transact business in another State is one of general acceptance and is enforced by the courts of every jurisdiction until destroyed by the law-making power. "In fact of such general acceptance is the rule that it carries with it the presumption of its existence, and as this comity is not of the courts but of the legislature, it takes an act of positive legislation to keep a foreign corporation out of a State." (12 R. C. L. 9; *Carroll* v. *City of East St. Louis,* 67 Ill. 568.) The right of a foreign corporation to do business within the State is not the grant of a special privilege not belonging to the citizen of common right. It is the exercise of a right common to all persons unless limited by statute. The requirement of a license is the restriction of the privilege which without such requirement would exist in the association in common with all other citizens. Its existence or its forfeiture does not, therefore, involve a franchise. In spite of the injunction the franchise of the appellant exists to the same extent as before the decree was rendered.

The only other ground upon which jurisdiction could be based is that the State is interested in the case as a party

or otherwise. To give this court jurisdiction of an appeal upon that ground, however, the interest of the State must be a direct and substantial interest in the subject matter of the litigation. (*State Board of Agriculture* v. *Brady,* 266 Ill. 592; *Hodge* v. *People,* 96 id. 423; *McGrath* v. *People,* 100 id. 464; *Hitchcock* v. *Greene,* 252 id. 519.) In this case the State has no direct interest in the litigation. Its only concern is to see that its citizens are protected in their rights to the funds of the association.

The appeal should have been taken to the Appellate Court for the First District, and the cause will be transferred to that court.     *Cause transferred.*