(No. 14433.—Cause transferred.)

THE ILLINOIS BELL TELEPHONE COMPANY, Appellee, *vs.*
THE COMMERCE COMMISSION *et al.* Appellants.

*Opinion filed February 22, 1922—Rehearing denied April 7, 1922.*

1. PUBLIC UTILITIES—*when direct appeal to Supreme Court can not be taken from decree enjoining enforcement of Public Utilities act.* A direct appeal will not lie from a decree of the circuit court of Sangamon county in an ordinary chancery proceeding enjoining the Illinois Commerce Commission from enforcing the penalties of the Public Utilities act for charging a certain schedule of rates which the complainant telephone company claims to have a right to collect, as such appeal is not from a final order of such court reviewing an order of the commission, nor is the State so interested as a party as to authorize a direct appeal.

2. APPEALS AND ERRORS—*interest of State must be direct and substantial.* To authorize a direct appeal to the Supreme Court on the ground that the State is interested as a party the interest of the State must be direct and substantial and not merely remote.

APPEAL from the Circuit Court of Sangamon county; the Hon. ELBERT S. SMITH, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, ALBERT D. RODENBERG, and WILLIAM E. TRAUTMANN, for appellants.

Cutting, Moore & Sidley, (Philip Barton Warren, and William Dean Bangs, of counsel,) for appellee.

Victor P. Michel, and Shelton F. McGrath, *amici curiæ.*

Mr. Justice Thompson delivered the opinion of the court:

Appellee filed its bill in the circuit court of Sangamon county asking that appellants be restrained by injunction from enforcing the provisions and penalties of the Public Utilities act against it, its officers or employees, by reason of its charging or collecting a schedule of rates for local telephone service in the city of Momence set forth in a certain rate schedule which it contends became effective by operation of law because of the failure of the Commerce Commission to enter a final order within ten months in a certain proceeding filed before the commission requesting authority to put in effect said schedule increasing rates. Appellants filed a general demurrer to this bill. The demurrer was overruled and appellants elected to abide by their demurrer. A decree was entered in accordance with the prayer of the bill, and appellants have prayed and perfected an appeal to this court.

The assignments of error do not present for decision a question involving a franchise or freehold or the validity of a statute or the construction of the constitution, nor do they raise any question relating to the revenue or in which the State is interested, as a party or otherwise. The appeal is not from a final order or judgment of the circuit court in review of an order or decision of the Commerce Commission, but is from a decree awarding an injunction in an ordinary chancery suit. This court has no jurisdiction to entertain this appeal, (Harker's Stat. pp. 1265, 3296,) and the case must be transferred to the Appellate Court.

The cause is accordingly transferred to the Appellate Court for the Third District, and the clerk of this court is

directed to transmit the transcript and all files herein, with the order of transfer, to the clerk of the Appellate Court.

*Cause transferred.*

Subsequently, on petition for rehearing, the following additional opinion was filed:

Per CURIAM: Each party has filed a petition for rehearing, in which it is urged that this court has jurisdiction to entertain this appeal on the ground that the "State is interested," the argument being that the effect of the decree is to interfere with the administration of a regulatory law of the State by the Commerce Commission and the Attorney General and to enjoin the collection of penalties, suit for which must be brought in the name of the People, and when recovered must be paid into the State treasury to the credit of the general fund. While it is true that the effect of the decree is to prevent the collection of the penalties named in the Public Utilities act, counsel misconceive the purpose of this suit. The sole purpose of the suit is to have the courts construe certain provisions of the Public Utilities act, and since it involves only the construction of a statute, the appeal should have been taken to the Appellate Court. *Foote* v. *Lake County,* 198 Ill. 638.

The State is interested in a suit only when it has a direct and substantial interest in the outcome. (*Hodge* v. *People,* 96 Ill. 423; *People* v. *Continental Beneficial Ass'n,* 280 id. 113.) The interest must not be a mere nominal interest but must be an interest of the character of a monetary interest. (*McGrath* v. *People,* 100 Ill. 464; *Hitchcock* v. *Greene,* 252 id. 519; *State Board of Agriculture* v. *Brady,* 266 id. 592.) In *Canal Comrs.* v. *Sanitary District,* 191 Ill. 326, where it was held that this court had jurisdiction of the appeal because the suit involved the property of the State and it was directly interested in the outcome, we said: "The interest here is not such a remote one as the State may be said to have in a suit * * * where there is an

attempt to collect a fine or a penalty, but it is a direct interest in the litigation." In this case the State may be said to be remotely interested in the collection of the penalties provided by the Public Utilities act, but that interest is not the substantial or monetary interest which gives this court jurisdiction of the appeal.

---

(No. 14357.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD KNOX *et al.* Plaintiffs in Error.

*Opinion filed February 22, 1922—Rehearing denied April 15, 1922.*