THE PEOPLE, for the use of the Kaskaskia Commons Permanent School Fund, Appellant, vs. EDWARD E. MITCHELL, Appellee.

*Opinion filed June 18, 1925.*

1. ACTIONS AND DEFENSES—*State has no pecuniary interest in Kaskaskia commons.* The State has no pecuniary interest in the lands of Kaskaskia commons nor has it ever held title to the lands in fee or in trust, but it has merely supervised the administration of the trust created by the grant of the legal title for the use and benefit of the inhabitants of the parish of the Immaculate Conception of Kaskaskia.

2. SAME—*when State has no interest authorizing direct appeal.* The State is interested in a suit only when it has a direct and substantial interest in the outcome, and, as the State has no pecuniary interest in the lands of the Kaskaskia commons, the Supreme Court has no jurisdiction of a direct appeal in an action in debt upon the official bond of the State treasurer in regard to the investment of the Kaskaskia commons permanent school fund.

3. SAME—*State has no interest in an action in debt on bond in name of the People for use of municipality.* The State is not interested, within the meaning of section 118 of the Practice act, in an action in debt upon an official bond in the name of the People for the use of a municipal corporation within the State.

APPEAL from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, SHERMAN & BAINUM, GEORGE P. RAMSEY, and JESSE E. BARTLEY, for appellant.

JOHN J. HEALY, and CHARLES E. FEIRICH, for appellee.

Per CURIAM: This is an action in debt brought upon the official bond of Edward E. Mitchell, appellee. As State Treasurer he came into possession of a fund known as the Kaskaskia Commons Permanent School fund. The invest-

ment of the fund was controlled by section 13 of the act providing for the sale of Kaskaskia commons. (Laws of 1909, p. 430.) This action arises out of the investment of $20,000 of the fund in the bonds of the United Flour Mills Company, the claim being that these bonds were not the character of security contemplated by the statute. There was a trial by jury and a verdict and judgment in favor of appellee.

The circuit court granted the appeal to this court on the theory that the State is interested in the litigation. Appellee cites, in support of the action of the circuit court, cases involving the Kaskaskia commons in which it has been said that the State is the only authority which can authorize the alienation of the lands. None of these cases hold that the State has any pecuniary interest in the lands of Kaskaskia commons. In *Carlyle* v. *Bartels,* 315 Ill. 271, it was said that the State of Illinois has never held title to the lands in fee nor has it ever held the commons in trust. The legal title was originally granted to and later confirmed in the inhabitants of the parish of the Immaculate Conception of Kaskaskia for the use and benefit of such inhabitants, and the State has merely supervised the administration of this trust. We have held that the State is interested in a suit only when it has a direct and substantial interest in the outcome. (*Illinois Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468.) The State is not interested, within the meaning of that language in section 118 of the Practice act, where its only concern is to see that its citizens are protected in their right to the funds of a foreign insurance company that has been doing business in this State, (*People* v. *Continental Beneficial Ass'n,* 280 Ill. 113,) nor where the action is one of debt upon an official bond in the name of the People for the use of a municipal corporation within the State. (*Hodge* v. *People,* 96 Ill. 423.) No matter what the outcome of this litigation, the State of Illinois,

as such, cannot gain or lose. Whatever interest the State may have in this case, it is not that substantial or monetary interest which gives this court jurisdiction of the appeal.

The cause is transferred to the Appellate Court for the Fourth District.