(No. 19861.—

OSCAR E. CARLSTROM, Attorney General, Appellant, *vs.* CHARLES C. FRACKELTON *et al.* Appellees.

*Opinion filed October 25, 1930.*

OSCAR E. CARLSTROM, Attorney General, G. E. NELSON, S. S. DUHAMEL, and R. A. KIDDER, for appellant.

JOHN M. SMOOT, THOMAS W. HOOPES, and ARTHUR W. LILIENSTEIN, for appellees.

Mr. COMMISSIONER EDMUNDS reported this opinion:

Oscar E. Carlstrom, as Attorney General of Illinois, filed a bill in the circuit court of Menard county to enforce a trust created by virtue of the provisions of the last will and testament of Mary F. Dixon, deceased. There was a

hearing by the chancellor and the bill was dismissed for want of equity. From this decree an appeal was taken direct to this court under the theory that the case is one in which the State is interested, as a party or otherwise.

In the will Mary F. Dixon stated that it was her purpose "to build a memorial bridge to span the Sangamon river at a point near what is commonly known as the Old Salem Chautauqua Park, in Menard county, Illinois, in my lifetime, for the benefit of the general public, and in the accomplishment of that purpose to expend $30,000 for the building and construction of said bridge." The will then provided that if at the time of the death of the testatrix the building of the bridge had not been commenced or any part of said sum expended, she thereby bequeathed to Charles Frackelton, Harry Schirding and Edward H. Golden, in trust, the sum of $30,000, to be used and expended by them for the purpose of constructing the bridge, its erection to be under their control. However, the will also laid down the condition that within five years from the date of death of the testatrix the board of county commissioners of Menard county, "or the other proper authorities," should enter into an agreement in writing with the trustees to build and construct suitable approaches at either end of the bridge and should cause to be laid out and opened up a public highway, commencing at some convenient point on the public highway commonly known as the Lincoln Trail, extending across the proposed bridge and connecting with the public highway east of Chautauqua Park, the approaches to the bridge and the public highway to be laid out and opened up without cost to the trust fund. It was further provided that in the event no such agreement in writing was forthcoming and the road was not laid out as specified, the entire gift, with accumulated interest, should at the expiration of said five years revert to and become a part of the residuary estate of testatrix. By the terms of

the residuary clause the residue was to be distributed among her heirs-at-law.

The theory of the present proceeding is stated to be, that the bequest to the trustees named created an active trust; that Schirding having resigned, Golden having rendered himself incompetent because of representing interests adverse to the carrying out of the trust, and Frackelton being impotent to discharge the trust alone,—in fact, all of the designated trustees having virtually never accepted the trust at any time,—Frackelton and Golden, who remain nominally as trustees, should be removed and new trustees appointed; that the trust fund should be delivered to such new trustees, and that the time for accomplishing the purposes of the trust should be extended for five years more.

The first question to be considered is whether the appeal was properly taken direct to this court. It was said in *Hodge* v. *People,* 96 Ill. 423, that the words, "in which the State is interested, as a party or otherwise," (Cahill's Stat. 1929, chap. 110, par. 118,) mean a direct and substantial interest as distinguished from an interest purely nominal, and this court held that it could not take jurisdiction of an appeal from an action of debt on a sheriff's bond brought in the name of the people. Nor was jurisdiction taken in *McGrath* v. *People,* 100 Ill. 464, involving an information in *quo warranto* to try the right to a public office. Similar facts were involved in *People* v. *Rodenberg,* 259 Ill. 78, where the same position was taken. In *Hitchcock* v. *Greene,* 252 Ill. 519, the Attorney General was a party to a proceeding to construe a will making certain provisions for the education of poor children, and an appeal was taken direct to this court. In transferring the cause to the Appellate Court it was said that "to give this court jurisdiction of an appeal on the ground that the State is interested, as a party or otherwise, the State must have a direct and substantial interest in the subject matter of the

litigation, and if the State is only a nominal party and has no substantial interest in the litigation no appeal from the decree of the lower court will lie directly to this court. The interest which the State must have in a cause, within the meaning of the statute giving a direct appeal to this court, must be a substantial interest—a monetary interest." In *People* v. *Continental Beneficial Ass'n,* 280 Ill. 113, the Attorney General filed a bill in the name of the people, on the relation of the insurance superintendent, against a foreign fraternal beneficial association licensed to do business in Illinois, charging fraudulent practices and insolvency, and praying that it be enjoined from further transacting business in this State. It was held that the cause must be transferred to the Appellate Court. In *Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468, the telephone company sought to restrain the enforcement against it of the provisions and penalties of the Public Utilities act, such penalties being demanded because of its charging or collecting a certain disputed schedule of rates. It was there said: "In this case the State may be said to be remotely interested in the collection of the penalties provided by the Public Utilities act, but that interest is not the substantial or monetary interest which gives this court jurisdiction of the appeal." In *People* v. *Mitchell,* 317 Ill. 439, action was brought upon the bond of the State Treasurer in connection with alleged wrongful investment by him of the Kaskaskia commons school fund. An appeal was taken direct to this court, and in transferring the cause it was pointed out that the State has no pecuniary interest in the lands of Kaskaskia commons but has merely supervised the administration of the trust.

There is a clear line of distinction between the foregoing cases and *Canal Comrs.* v. *Sanitary District,* 191 Ill. 326, *Board of Agriculture* v. *Brady,* 266 id. 592, and *Illinois Farmers' Institute* v. *Brady,* 267 id. 98, in all of which this court held that the State was interested within the con-

templation of the statute. In the *Canal Comrs. case* the commissioners of the Illinois and Michigan Canal sought specific performance of a contract with the Sanitary District of Chicago whereby the latter was to maintain a certain volume of water in the canal. In taking jurisdiction we pointed out that the State owned the canal, that nearly every legislature had appropriated for it, and that it was operated as a State enterprise. In the *Brady cases,* where it was sought by *mandamus* to compel the State Auditor of Public Accounts to issue certain warrants, it was pointed out that the State had a direct, substantial and monetary interest in the subject matter, in that it was sought to take money out of its treasury.

It is clear that the present cause does not fall within the latter group of cases but rather among those where the interest of the State has been held to be too remote or not of such nature as to confer jurisdiction upon this court. The remoteness of the State's interest here is emphasized by the conditional provisions of the will as above outlined as well as by other elements shown of record and which it is unnecessary to detail, the necessary conclusion being that the ultimate building of the bridge is altogether contingent upon divers events the concurrence of which is highly uncertain, even though relief prayed by the bill be granted in full measure. Whatever interest the State may have in the present case, it is not of that direct, substantial or monetary character which gives this court jurisdiction.

The cause is transferred to the Appellate Court for the Third District.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Cause transferred.*