(37310

THE PEOPLE *ex rel.* Illinois Commerce Commission, Appellant, *vs.* GERALD J. GALVIN, d/b/a Jerry's Bus Service, Appellee.

*Opinion filed November 30, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (EDWARD V. HANRAHAN, Special Assistant Attorney General, of counsel,) for appellant.

ROBERT J. O'ROURKE and DONALD A. CARR, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This is an action by the People, on the relation of the Illinois Commerce Commission, to enjoin Gerald J. Galvin, doing business as "Jerry's Bus Service," from operating a bus service for the transportation, for hire, of high school students to and from six high schools in Cook County, without having received authority to do so from the Illinois Commerce Commission. The facts were not disputed, and the question for determination is whether under the Public Utilities Act (Ill. Rev. Stat. 1961, chap. 111⅔, par. 10.3) the defendant is a public utility, and is therefore required to secure a certificate of convenience and necessity.

The trial court denied the commission's motion for summary judgment and dismissed the complaint. The Commission has appealed directly to this court on the grounds that the revenue is involved and that the State of Illinois has a direct interest. The parties have not suggested how this case could involve the revenue, and we have been unable to discover any theory upon which it could be said to be involved. Nor is the fact that the action was prosecuted in the name of the People, on the relation of the Commission, sufficient to give us jurisdiction upon direct appeal. As we said in *Illinois Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468, 470: "The State is interested in a suit only when it has a direct and substantial interest in the outcome. (*Hodge* v. *People,* 96 Ill. 423; *People* v. *Continental Beneficial Ass'n,* 280 id. 113.) The interest must not be a mere nominal interest but must be an interest of the character of a monetary interest. (*McGrath* v. *People,* 100 Ill. 464; *Hitchcock* v. *Greene,* 252 id 519; *State Board of Agriculture* v. *Brady,* 266 id. 592.)" Unlike *Public Utilities Com. ex rel. Macon County Telephone Co.* v. *Bethany Mutual Telephone Ass'n,* 270 Ill. 183, the present case does not arise under section 69 of the Public Utilities Act which authorizes direct appeals to this court from judgments entered by the circuit or superior court "in review of rules, regulations, orders or decisions of the Commission." Ill. Rev. Stat. 1961, chap. 111⅔, par. 73.

The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*