(37678.—

THE JEANNE AND JEROME ABELES FOUNDATION *et al.,* Appellees, *vs.* WILLIAM G. CLARK, Attorney General, Appellant.

*Opinion filed September 27, 1963.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and EDWARD A. GERMAN, Assistant Attorneys General, of counsel,) for appellant.

ALTHEIMER, GRAY, NAIBURG, STRASBURGER & LAWTON, of Chicago, (RICHARD Z. KABAKER, of counsel,) for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The Jeanne and Jerome Abeles Foundation, the Abel E. and Mildred R. Fagan Foundation, The Albert Pick, Jr. Fund and the Pick Benevolent Association, each a corporation organized and existing under the terms of the General Not-For-Profit Corporation Act (Ill. Rev. Stat. 1961, chap. 32, par. 163a *et seq.*), filed their complaint against the Attorney General asking a declaratory judgment that none of the plaintiffs is a trustee under section 3 of the Charitable Trust Act (Ill. Rev. Stat. 1961, chap. 14, par. 53) and therefore need not comply with the provisions of said act, and seeking an injunction restraining the Attorney General from enforcing the terms of the act against plaintiffs. Thereafter an amended complaint was filed which added an allegation that the Charitable Trust Act, insofar as it purports to require compliance by charitable corporations, violates the due process and equal protection clauses of the United States constitution and the due process clause of the Illinois constitution, and that the act embraces a subject not expressed in the title thereof in violation of article IV, section 13, of the Illinois constitution. The prayer of the original complaint was expanded to request a declaratory judgment that the act is unconstitutional and therefore unenforceable.

The Attorney General then filed his motion to strike the amended complaint, and the circuit court of Cook County, after hearing, found the plaintiffs were not "trustees" as that term is defined in the statute, and also found the statute to be constitutional. The defendant elected to stand on his motion and the court entered its final decree declaring none of the plaintiffs subject to the Charitable

Trust Act. The Attorney General brings this case here on direct appeal from the finding that plaintiffs are not "trustees" within the act, and plaintiffs filed their cross-appeal from the finding that the act is constitutional. All parties seek a determination here on the issue of the validity of the statute, and the Attorney General seeks a determination that plaintiffs are "trustees" within the meaning of section 3 of the act (Ill. Rev. Stat. 1961, chap. 14, par. 53), and therefore are charitable trustees under the act, and subject to all of the provisions thereof. They seek to predicate jurisdiction here upon the fact that the trial court expressly passed upon the validity of a statute.

Section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1961, chap. 110, par. 75), provides for direct appeals to this court in certain enumerated instances, and if we have jurisdiction here, it must be either because the State is interested as a party or otherwise or because the validity of a statute is involved.

In *Keplinger* v. *Lord,* 357 Ill. 571, 574, we said: "The State is interested in a case, within the contemplation of the particular section of the Practice act, only when it has a direct and substantial, as distinguished from a mere nominal, interest in the subject matter of the litigation. [Citing cases.] Moreover, the direct and substantial interest which is the condition of a direct appeal, it has been said, must be an interest of a monetary character." The issues here do not meet this monetary interest test. *Burke* v. *Civil Service Com.* 26 Ill.2d 609; *People* v. *Galvin,* 26 Ill.2d 341.

Reference to the complaint and amended complaint here discloses that the primary relief sought by plaintiffs was a judgment declaring them not to be trustees within the meaning of section 3 of the Charitable Trust Act and that they need not comply with the provisions of the act. On this issue, plaintiffs prevailed. By the amended complaint, plaintiffs additionally sought a judgment that the act was contrary to the United States and Illinois constitutions

insofar as required compliance by charitable corporations was concerned. The trial court specifically found none of the plaintiffs to be a trustee within the act, and the effect of this finding is to take from plaintiffs the necessary standing to question the validity of the statute on constitutional grounds. Jurisdiction here cannot be conferred by agreement. *Chicago Bar Ass'n* v. *Kellogg,* 401 Ill. 375, 381 and cases there cited.

When the trial court found plaintiffs not to be governed by the Charitable Trust Act, the case was disposed of so far as plaintiffs were concerned, and the finding on the constitutional questions raised by the pleadings was mere *dictum* and unnecessary to the disposition of the case between the parties. We have held that: "The validity of a statute is involved, so as to confer jurisdiction by direct appeal only where its constitutionality was the primary inquiry in the trial court, and even though a constitutional issue was raised in the trial court, if a final order was rendered on other issues no constitutional question is presented for review." (*Jenisek* v. *Riggs,* 381 Ill. 290, 293; *Illinois Central Railroad Co.* v. *Chicago and Great Western Railroad Co* .246 Ill. 620; *Continental Paper Grading Co.* v. *Fisher & Associates, Inc.,* 1 Ill.2d 37, 45.) And in *Moran* v. *Zoning Board of Appeals,* 11 Ill.2d 374, 377, we stated: "Here the validity of section 73—5 was not the primary inquiry of the court, and its validity or invalidity was not essential to the construction to be placed on the zoning ordinance. The validity of the statute is not involved so as to give us jurisdiction on direct appeal." The case of *Acme Fireworks Corp.* v. *Bibb,* 6 Ill.2d 112, relied on by both parties, is not controlling here, since the jurisdictional question was not there discussed, and the order there appealed from was in favor of the appellees on both the statutory construction and constitutional issues, whereas here the constitutional issue was resolved in favor of appellant.

560

There being no question involved warranting a direct appeal, the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*