Michael Rostad

*v.*

The Chicago Suburban Water and Light Company.

*Announced orally October 11, 1904.*

Appeals and Errors—*mere construction of franchise does not authorize direct appeal.* A question of the mere construction of a franchise, the existence of which is not questioned, does not authorize an appeal directly from the trial court to the Supreme Court.

Appeal from the Superior Court of Cook county; the Hon. Arthur H. Frost, Judge, presiding.

Stahl & Lewald, Darrow & Masters, and Alexander J. Storm, for appellant.

Wood & Oakley, and Albert M. Kales, for appellee.

Mr. Justice Wilkin announced the opinion of the court:

This suit originated in the superior court of Cook county, and is an action on the case by the appellant, against the appellee, for damages alleged to have resulted from the negligence of the defendant water company in failing to furnish the proper degree of pressure in case of fire, whereby his property was permitted to be burned and destroyed. The case resulted in the superior court adversely to plaintiff, and he has brought the case to this court by direct appeal, upon the theory that a franchise is involved, within the meaning of section 89 of the Practice act. The appellee now enters a motion to dismiss the appeal for want of jurisdiction, and we think the motion must prevail.

In order to authorize the bringing of a cause directly from the trial court to this court on the ground that a franchise is involved, we have uniformly held that the question must be as to the existence of the incorporation or franchise or the right to exercise the privileges

of a franchise. This case involves no such question. It is contended on the part of the appellant that it was the duty of the water company (and he so alleges in his declaration) to furnish a pressure, in case of fire, of forty pounds to the square inch upon the water pipes. On the other hand, the water company denies that its duty, under its charter, required it to furnish any such pressure. So the simple question here is as to what construction shall be placed upon the powers granted to the defendant company under its charter. That does not involve either the validity or the existence of the corporation, neither does it in any way involve the question as to the exercise of its franchise.

We think the motion to dismiss the appeal should be allowed, and it is so ordered.

*Appeal dismissed.*