THE PEOPLE *ex rel.* William H. Stead, Attorney General, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed February 20, 1913.*

1. FRANCHISE—*sense in which word "franchise" is used in acts concerning appeals.* The word "franchise," employed in the statutes concerning the right of appeal to the Supreme Court where a franchise is involved, is used in the sense of a special privilege conferred by grant from the sovereign power of the government and which does not belong to the citizen of common right.

2. SAME—*there is a distinction between a franchise and a mere governmental power.* There is a distinction between the exercise of a franchise by a municipal corporation and the exercise of a mere governmental power.

3. SAME—*when a franchise is not involved.* A proceeding in the nature of *quo warranto* against a city to show by what au-

thority it is issuing dram-shop licenses in certain annexed territory in alleged disregard of certain ordinances does not involve a franchise, as a dram-shop license is not, itself, a franchise of the holder, and the act of issuing such licenses is the exercise by the city of a mere governmental power and not of a franchise.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

W. H. STEAD, Attorney General, (WILLIAM F. MULVIHILL, and O'DONNELL & O'DONNELL, of counsel,) for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (BRYAN Y. CRAIG, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an information in the nature of a *quo warranto,* filed by the Attorney General on behalf of the People of the State of Illinois against the city of Chicago, requiring the city to show by what warrant and authority it claims to "use, enjoy and exercise the power or franchise of granting dram-shop licenses in certain territory formerly a part of the incorporated town of Cicero, now a part of the city of Chicago, in violation of the terms of an ordinance of said town of Cicero in force in said territory at the time of its annexation to Chicago." The petition shows that at the time the town of Cicero was annexed to Chicago an ordinance was in force requiring the signatures of a majority of the voters residing within half a mile of the place where the proposed dram-shop is to be located, as a condition upon which the right to obtain a license depended. It is charged that the city of Chicago, since the annexation of the town of Cicero, is unlawfully issuing saloon licenses in such territory in disregard of the ordinance requiring a proper petition to be presented. The petition is directed only against the city of Chicago, and the city was made the

sole defendant. A general demurrer was interposed to the petition and sustained. The relator having elected to abide by the petition, the same was dismissed. To reverse that judgment this appeal is prosecuted direct to this court.

The first and only question that need be considered is the jurisdiction of this court of this cause by direct appeal. While the question has not been argued in the briefs, the only conceivable ground upon which a claim of jurisdiction in this court can rest is that the proceeding involves a franchise. If a franchise is involved the appeal is properly brought to this court, otherwise it should have been taken to the Appellate Court.

The word "franchise" is used with various meanings, one of which is, a special privilege conferred by grant from the sovereign power of the government and which does not belong to the citizen of common right. It is in this sense that the word is employed in our statute conferring jurisdiction upon the Appellate Courts in all cases "other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute," and in section 11 of article 6 of the constitution of 1870, providing that appeals and writs of error shall lie from the Appellate to the Supreme Court "in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved." (*Chicago and Western Indiana Railroad Co. v. Dunbar,* 95 Ill. 571.) The franchise or grant is the special privilege after it has passed from the sovereign power to some individual or company. If the granting of a dram-shop license by a municipality under clause 46 of paragraph 62 of the Cities and Villages act is the exercise of a franchise right in the municipality, then any attempt to license, regulate or prohibit any of the other numerous callings or businesses by the city under its general powers would likewise be the exercise of a franchise. There is a clear distinction between a franchise and a mere governmental power. The power to condemn private property

for streets or other public purposes is a franchise and may be exercised by municipal corporations, while the power to improve streets, to pass ordinances regulating certain enumerated occupations and to provide for a license, and the like, is the exercise of one of the ordinary governmental functions, which has never been regarded as a franchise within the meaning of our statute. The jurisdiction of this court cannot be sustained on the theory that the dramshop license, when issued, confers upon the licensee a franchise. That question was determined in the case of *Martens* v. *People,* 186 Ill. 314. In discussing that question this court, speaking by Mr. Justice Wilkin, on page 318 said: "The position of appellee, by cross-error, that the appeal was improperly taken in the first instance to the Appellate Court because a franchise is involved, is untenable. A franchise is defined to be 'a special privilege conferred by the government upon an individual or corporation which does not belong to the citizens of the country generally, by common right.' (14 Am. & Eng. Ency. of Law,— 2d ed.—p. 4.) The term 'franchise,' as used in the statute providing that certain cases shall be appealable to this court, is used in its strict legal sense. A license to keep a saloon confers no special right or privilege upon the holder, but is merely one of the means adopted by the legislature for the regulation of the sale of intoxicating liquors, and such a license is not, therefore, within the legal definition of a franchise."

This appeal should have gone to the Appellate Court. The clerk of this court is directed to transfer the record and files to the clerk of the Appellate Court for the First District.                                *Cause transferred.*