HENNING WENNERSTEN et al. Appellants, vs. THE SANI-
TARY DISTRICT OF CHICAGO et al. Appellees.

*Opinion filed June 22, 1916.*

1. APPEALS AND ERRORS—*appeal to the Supreme Court cannot
be based on constitutional question not presented below.* An ap-
peal to the Supreme Court cannot be based upon the question of
the validity of a statute or the construction of the constitution un-
less that question was presented to the trial court for decision, and
if a party assumes that a statute is valid and tries his case on that
theory he cannot change his position and urge, on appeal, that the
statute is invalid.

2. SAME—*question of construction of statute does not authorize
direct appeal to Supreme Court.* Where the construction of a stat-
ute, and not its validity, is the question involved, the appeal should
be taken to the Appellate Court unless some other ground exists
for taking the appeal to the Supreme Court.

3. SAME—*question of what construction shall be placed on the
charter of corporation does not involve a franchise.* To authorize
a direct appeal to the Supreme Court on the ground that the fran-
chise of a corporation is involved there must be a question as to
the validity or existence of the corporation or franchise, and not
merely a question as to what construction shall be placed upon the
charter of the corporation.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

RANKIN, HOWARD & DONNELLY, for appellants.

EDMUND D. ADCOCK, ROSS C. HALL, and EDMUND M.
SINNOTT, for appellee the Sanitary District of Chicago.

Mr. JUSTICE DUNN delivered the opinion of the court:

Forty-three citizens of Illinois, residents and tax-payers
within the Sanitary District of Chicago and owners of real
estate adjacent to and in the immediate vicinity of the
north channel of the Chicago drainage canal, in behalf of
themselves and of others similarly situated, filed a bill in
the circuit court of Cook county against the Sanitary Dis-
trict of Chicago and the Illinois Stone Company, in which

they alleged the making of a lease by the Sanitary District of Chicago to the Illinois Stone Company of certain premises, part of the right of way for the north channel of the sanitary district, for the term of ten years at a rental of $9000, payable in installments of $450 each, the lessee agreeing to use the premises only for the storage and sale of stone and building material except lumber, and such other purposes as should be incidental thereto, and to construct and maintain a lie-by and dock. It was also alleged that the Sanitary District of Chicago is a body corporate and politic, with various powers, and among those stated was the power to make and establish docks adjacent to any navigable channel created for drainage purposes, and to lease, manage and control said docks, and to control and possess any water power incidentally created in the construction and use of said channel. It was further alleged that the Sanitary District of Chicago had no power to make the lease to the Illinois Stone Company; that the only powers given the Sanitary District of Chicago to lease property owned by it are to make and establish docks adjacent to any navigable channel created for drainage purposes and to lease, manage and control such docks; that the lease in question is not the lease of a dock made and established for the Sanitary District of Chicago, or of any dock, but is a lease of a large tract of land for the purpose of maintaining a stone yard; that the north channel is not a navigable channel within the meaning of the term as used in the act conferring powers on the sanitary district; that all of the land adjacent to the land leased was at the time of the creation of the district occupied by private residences, and was not and is not used for manufacturing and industrial purposes and was not and is not adapted for such purposes; that the premises leased, if occupied for the purposes mentioned, will be detrimental to the interests of the complainants as well as all other owners of real estate in the vicinity, will greatly depreciate the value of their real

estate, will make their residences less desirable and lower the market value of their property and result in irreparable loss and injury; that by reason of the lease the sanitary district has diverted the property so leased to other and different purposes from those for which it was acquired, and that the rent reserved is insufficient and inadequate. The prayer is that the Illinois Stone Company be enjoined from using the premises described in the lease for the purpose of storing stone or placing thereon any machinery or tools for the manufacture, dressing and preparation of stone, and from using the premises for any manufacturing or industrial purposes whatever, and that the sanitary district be restrained from leasing the premises for any industrial or manufacturing purposes. The defendants filed general demurrers, which were sustained, the bill was dismissed for want of equity, and the complainants appealed directly to this court.

The assignments of error question the constitutionality of that part of section 7 of an act entitled "An act to create sanitary districts and to remove obstructions in the Desplaines and Illinois rivers," approved May 29, 1889, in force July 1, 1889, which reads, "also to make and establish docks adjacent to any navigable channel made under the provisions hereof for drainage purposes, and to lease, manage and control such docks."

The appellants state that the three main questions involved in the appeal are:

"First, can a tax-payer maintain a bill for an injunction against a municipal corporation restraining the latter from diverting the funds or property of the municipal corporation to purposes other than are permitted it by the statute under which the municipal corporation is organized? Second, is that part of section 7 of the act of May 29, 1889, under which the said sanitary district is organized, which purports to grant such district the right to establish docks and to lease, manage and control such docks along any nav-

igable channel constructed by it for drainage purposes, constitutional? Third, if that part of section 7 referred to above should be held constitutional, does such section 7 empower or in any way authorize the said Sanitary District of Chicago to lease land acquired by it for a right of way to a private corporation or individual for the purpose of using the same for the storage and sale of stone and building material?"

So far as the constitutional question is concerned, it can not be raised on this appeal. The bill alleged expressly that the sanitary district had the power to make and establish docks adjacent to any navigable channel created for drainage purposes, and to lease, manage and control said docks. In the circuit court their position, as shown by their bill, was that the grant of power now sought to be drawn into question was valid, and the case was submitted to the circuit court on that theory. Appellants cannot now change their position and have the decree of the circuit court reversed because it is in accordance with the position for which they themselves contended. A case cannot be brought by appeal to the Supreme Court that involves the validity of a statute or the construction of the constitution unless the question was in some way presented to the trial court for its decision. *Opaque Cloth Shade Co.* v. *Veight,* 161 Ill. 337; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *McGrath,* 195 id. 104; *People* v. *Cannon,* 236 id. 179.

No franchise or freehold is involved. The validity of the act under which the Sanitary District of Chicago is organized is not attacked and the only question which is involved concerns the construction of that act. In cases involving merely the construction of a statute, and not its validity, an appeal should be taken to the Appellate Court unless some other ground exists for an appeal to the Supreme Court. (*Illinois State Board of Health* v. *People,* 181 Ill. 512.) To authorize the bringing of a cause directly

from the trial court to this court on the ground that a franchise is involved there must be a question as to the validity or the existence of the corporation or franchise or the right to exercise the privileges of a franchise. The question as to what construction shall be placed upon the powers granted to a corporation under its charter does not involve a franchise, so as to authorize an appeal directly to the Supreme Court. *Rostad* v. *Chicago Suburban Water and Light Co.* 211 Ill. 248.

The appeal in this case was improperly taken to this court, and the cause will be transferred to the Appellate Court for the First District.