(No. 12200.—Cause transferred.)
GERALDINE B. EDLUND, Appellee, *vs.* ARTHUR E. EDLUND, Appellant.

*Opinion filed October 21, 1918.*

APPEALS AND ERRORS—*when a constitutional question is not involved.* Where the Appellate Court reverses the alimony part of a divorce decree because the evidence is not preserved in any way and remands the cause for further proceedings, the question whether the trial court, on re-instatement, had power, under the allegations of the bill, to hear evidence as to alimony and render a decree for alimony and solicitor's fees is not a constitutional question but a question of practice, and an appeal from the decree should be taken to the Appellate Court.

APPEAL from the Circuit Court of Cook county; the Hon. DAVID M. BROTHERS, Judge, presiding.

FARLIN H. BALL, and G. A. BURESH, for appellant.

LITZINGER, HEALY & REID, (JAMES J. FINN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Geraldine B. Edlund filed a bill against her husband, Arthur E. Edlund, praying for divorce, alimony and solicitor's fees. There was no allegation as to the property, earning ability or circumstances of either party. An answer was filed, there was a jury trial, and a decree of divorce and for alimony and solicitor's fees was rendered. The evidence heard upon the question of alimony was not preserved either by recitals or findings in the decree or by a certificate of evidence, and the decree was reversed by the Appellate Court for that reason so far as the award of alimony was concerned but affirmed in all other respects, and the cause was remanded for such other and further proceedings as to law and justice should appertain, consistent with the views expressed in the opinion of the court. After the re-instatement of the cause there was another hearing,

and a decree was rendered against the defendant for alimony, solicitor's fees and other fees, from which he has appealed to this court on the ground that the decree violates his constitutional rights by depriving him of his property without due process of law.

The appeal should have been taken to the Appellate Court. No constitutional question is involved. The appellant insists that the reversal and remandment of the cause did not re-invest the circuit court with jurisdiction; that the court had no power to hear evidence upon the question of alimony without any allegation in the bill as to the property, circumstances, ability and necessities of the party, and that, the original decree having been entered without reserving any question, disposed of the case, and the court was without power at a subsequent term to hear it further and render a decree for alimony. These are not constitutional questions but questions of practice, only. While a question of the jurisdiction of a court is one of due process of law, yet upon the remandment and re-instatement of the cause for further proceedings the circuit court had jurisdiction to take such proceedings consistent with the opinion of the Appellate Court as were authorized by law. The fact, if it was a fact, as claimed by the appellant, that the state of the record was such that no relief could be granted to the appellee, did not deprive the court of jurisdiction to adjudicate that question. The effect of the reversal and remandment was to leave the cause and the parties in the same condition as before the decree was rendered, except that the divorce remained in force. The alleged necessity for allegations as to property in the bill and the alleged loss of jurisdiction by the lapse of the term do not arise out of the constitution. The power to review the record in this case is vested in the Appellate Court and not in this court.

The cause will be transferred to the Appellate Court for the First District. *Cause transferred.*