People ex rel. W. T. Musgrave, Appellee, v. Lyman Talbert, County Superintendent of Schools of Wayne County, Appellant.

February term, 1942.    Heard in this court at the Opinion filed April 16, 1942.

FRANCIS S. FEIGER, State's Attorney, and S. E. QUINDRY, of Chicago, for appellant.

BURGESS, LOY & BURGESS, of Fairfield, and CONGER & ELLIOTT, of Carmi, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Wayne county ordering the issuance of a writ of mandamus directing the defendant, as county superintendent of schools of said county, to call an election for the election of a board of education of an alleged community high school district.

The amended petition for the writ, filed by a taxpayer and legal voter in the territory in question, alleged the following material facts, all of which were admitted by defendant's answer:

1. On January 2, 1941, a petition signed by at least fifty legal voters residing in the territory therein described was filed with defendant pursuant to section

89a of an act entitled "An Act to establish and maintain a system of free schools" (par. 97, ch. 122, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 123.102]), which petition stated that such territory was compact and contiguous and requested that an election be called for the purpose of voting for or against the proposition to establish a community high school in and for said territory.

2. The defendant duly called such election, as requested, and a majority of the votes cast at such election, which was held on January 18, 1941, favored the establishment of such community high school.

3. After the election, a demand was made upon the defendant that he order an election for the purpose of electing a community high school board of education for said district, as provided by said section 89a, but defendant refused to order such election.

Said amended petition for the writ then asked that a writ of mandamus issue commanding the defendant to call such election.

In his answer defendant based and now bases his refusal to call such election solely upon the following grounds:

1. That although the petition of January 2, 1941, alleged that the territory in the therein proposed district was compact and contiguous, yet as a matter of fact, by reason of certain flood conditions which isolated different portions of said territory during certain seasons of the year, such territory was not in fact compact and contiguous within the meaning of the statute.

2. That on January 17, 1941, a petition was filed with the defendant, signed by a majority of the legal voters residing in a certain therein described part of the territory included in such proposed district, which territory was alleged to have then been a part of the non-high school district of Wayne county, and which petition was alleged to have been signed by a majority

of the legal voters residing within Fairfield Community High School District, No. 225 in Wayne county, petitioning defendant to detach said described territory from the non-high school district and add the same to said District No. 225; that pursuant to said petition, which was alleged to have been in full compliance with section 104a of ch. 122, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 123.111 (1)], the defendant on the same date, January 17, 1941, made and filed with the county clerk of Wayne county a map showing the new and added boundaries of said District No. 225 as requested in said petition.

3. That by reason of such detachment and annexation of said territory, and by reason of said community high school district not being compact and contiguous territory within the meaning of the statute, the election which was held upon the proposition of establishing a community high school district was a nullity and without any effect whatever.

On motion of the petitioner, the trial court struck such alleged defenses from the answer. The defendant elected to stand by his answer and the trial court then entered the judgment appealed from.

Defendant contends that the motion to strike admitted the facts set up in his answer and that if such facts are considered to be admitted then the alleged district was not legally organized under section 89a, and, therefore, it would be useless to issue the writ asked for.

A motion to strike admits only such facts as are well pleaded but does not admit any legal conclusions to be deduced from such facts. (*County of Christian v. Merrigan*, 191 Ill. 484; *Barzowski v. Highland Park State Bank*, 371 Ill. 412.)

The vital question to be determined is whether the defenses which are set up in defendant's answer can properly be asserted in this type of proceeding. If such defenses cannot be asserted in this proceeding,

then they are not well pleaded. The answer to this question depends upon the nature of the duty which was imposed upon the defendant under the provisions of section 89a of the above mentioned act. This section was construed in this connection in the case of *Frye v. Hunt,* 365 Ill. 32, wherein the court made this statement of the law, at page 35: "Section 89a imposes a mandatory duty upon the superintendent of schools to call an election to vote on the proposition of establishing a community high school district when a petition is filed signed by the requisite number of legal voters residing in any contiguous and compact territory. . . . The statute gives the superintendent no discretionary power, and his only function in this respect is to determine whether the petition is *prima facie* in compliance with the law. . . . He acts in an administrative capacity and not as a judicial officer. . . . It necessarily follows that if the petition filed with the defendant in the present case appeared to have been properly signed by a sufficient number of legal voters residing in contiguous and compact territory a duty rested upon him, as a ministerial officer, to call the election requested." (See also *People v. Dillon,* 266 Ill. 272.) Although in the *Frye* case the court had reference to an election to vote on the proposition of whether a community high school district should be established, we can see no reason why the duty of the superintendent of schools should be any different in respect to an election to be held for the purpose of electing members of a school board. The defendant in instant case went beyond the face of the petition and election returns, and his refusal to order the election was based upon certain alleged facts and conclusions which could not be discovered or determined from an examination of the petition or such election returns. In determining whether the territory in question was in fact compact and contiguous and also in determining the effect of the alleged detachment

and annexation proceedings, the defendant attempted to exercise a judicial function, which under the authorities he was without power to do.

We do not regard the case of *People ex rel. Bade v. Kennedy*, 300 Ill. App. 16, as authority for the defendant's contention that he had the legal right to determine that the proceedings for the organization of the district became void by reason of the annexation proceedings which were taken prior to the election. In the *Kennedy* case, the superintendent of schools refused to act on either of two petitions which had been filed with him by reason of the fact that a portion of the territory which had been included in the territory embraced in the first petition had been annexed to another district. However, the validity of that annexation proceeding had already been passed on by the Supreme Court in the case of *People ex rel. Yohnka v. Kennedy*, 367 Ill. 236, and the superintendent of schools was not required to nor did he assume to pass upon the validity of such annexation proceeding. In the case before us the defendant, prior to any court adjudication on the question, assumed that he had the right to decide that the alleged detachment proceedings in this case voided the original proceedings for the organization of the district. Clearly the *Kennedy* case furnishes no precedent for any such assumption of judicial power on the part of the defendant.

The defendant also relies upon the case of *People v. Rose*, 219 Ill. 46. In that case, a mandamus proceeding, it was held that the Secretary of State properly refused to issue a certificate of incorporation under a particular name, the use of which name could be enjoined by an existing joint stock company which had for at least 50 years established its business under such name. The use of such name by the joint stock company was a matter of common knowledge. The determination of the question by the Secretary of State as to whether such joint stock company was using the

same name as that sought by the applicants did not involve the exercise of any judicial function, and the case has no application here.

It is our conclusion that the trial court properly struck such defenses from the answer and properly awarded the writ in favor of the petitioner. The judgment of the circuit court is affirmed.

*Affirmed.*