(No. 27144.—Cause transferred.)

THE PEOPLE *ex rel.* F. H. Groff *et al.,* Appellants, *vs.* THE BOARD OF EDUCATION OF CROSSVILLE COMMUNITY HIGH SCHOOL DISTRICT No. 120, Appellee.

*Opinion filed May 20, 1943.*

ALBERT McCALLISTER, State's Attorney, KERN, PEARCE & PEARCE, and HEFNER & HARRIS, for appellants.

ULYS PYLE, and CYRIL C. ENDICOTT, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The sole question requiring consideration upon this appeal is whether a franchise is involved, within the contemplation of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1941, chap. 110, par. 199.) From the pleadings and a stipulation of facts it appears that the Crossville Community High School District No. 120, in White county, is a legally organized school district. Plaintiffs are the five directors of Grayville Community High School District No. 182, located in White, Edwards and Wabash counties, the major portion of the district being in White county. October 29, 1941, a petition was filed in the office

of the county superintendent of schools of White county, pursuant to section 89a of the act to establish and maintain a system of free schools, (Ill. Rev. Stat. 1941, chap. 122, par. 97,) requesting the superintendent to order an election for the purpose of voting for or against the proposition to establish a community high school within certain described territory, including territory then a part of the non-high school district of White county. In accordance with section 89c of the School Law, the petition was submitted to the Superintendent of Public Instruction of the State, who, on November 5, 1941, acted favorably upon it. An election was held November 29, 1941, beginning at 1:00 o'clock P.M. A majority of the votes cast was in favor of the organization of the Grayville Community High School District No. 182. Subsequently, plaintiffs were elected directors of the district. In the meantime, on October 31, 1941, petitions for the annexation to the Crossville district of the territory previously mentioned, namely, a part of the non-high school district of White county, were filed with the county superintendent of schools. November 29, 1941, at 9:35 o'clock A.M., the county superintendent filed in the office of the county clerk a map of the territory described in the petitions, as required by section 96a of the School Law.

September 19, 1942, plaintiffs filed their amended complaint in the circuit court of White county against the defendant, the board of education of the Crossville district, charging that it was exercising or purporting to exercise its legal powers, authority and functions over the territory in controversy without lawful authority; that the petition filed in the office of the county superintendent of schools on October 31, 1941, was void for the reason that on October 29, 1941, a petition was filed in the same office for the organization of a high school district which was duly and legally organized and is now the Grayville Community High School District No. 182, and that the petition and

district last mentioned include the territory in question. By its answer, defendant, averred that it was exercising its legal powers over the territory by virtue of its annexation by petition in the manner prescribed by section 96a of the School Law; that, prior to the time of the filing of a map showing the new boundaries of the defendant district, the territory in controversy was a part of the non-high school district of White county and that, upon the filing of the map, the territory became a part of the Crossville district and was, consequently, a part thereof prior to the time of the holding of any election or any lawful organization of Grayville Community High School District No. 182. Plaintiffs replied to the answer. The cause was heard upon the pleadings and a stipulation of facts. From the record it appears that on January 5, 1943, judgment was rendered finding defendant not guilty and awarding costs against plaintiffs. This appeal followed.

The term "franchise," as employed in section 75 of the Civil Practice Act authorizing direct appeals to this court, refers to a special privilege conferred upon an individual or corporation by the government, which does not belong to citizens generally, by common right. (*People ex rel. Stead* v. *City of Chicago,* 257 Ill. 380; *Martens* v. *People ex rel. Searle,* 186 Ill. 314.) In *Chicago City Railway Co.* v. *People ex rel. Story,* 73 Ill. 541, this court observed, "Corporate franchises in the American States emanate from the government, or the sovereign power, owe their existence to a grant, or, as at common law, to prescription, which presupposes a grant, and are vested in individuals or a body politic." *People ex rel. Potts* v. *Continental Beneficial Ass'n,* 280 Ill. 113; *Wilmington Water Power Co.* v. *Evans,* 166 Ill. 548, and *Board of Trade of Chicago* v. *People ex rel. Sturges,* 91 Ill. 80, are to the same effect. A proceeding by *quo warranto* to determine whether a township high school district has been legally organized involves a franchise, and this court has jurisdiction upon direct appeal. (*People ex rel. Lord* v. *Bruen-*

*nemer,* 168 Ill. 482.) A franchise is involved in *quo warranto* proceedings against officers of a municipal corporation where the controversy pertains to the legality of the organization of the corporation and its right to exercise municipal powers and privileges conferred by applicable statutes. (*People ex rel. Bondurant* v. *Marquiss,* 192 Ill. 377.) Where a judgment would, for all practical purposes, destroy the corporate entity of a legally existing school district, an appeal is properly prosecuted to this court. (*People ex rel. Gamble* v. *McKinstry,* 379 Ill. 528.) Conversely, questions relating merely to the construction of a franchise, the existence of which is not assailed, do not authorize a direct appeal from the trial court to this court. (*Rostad* v. *Chicago Suburban Water and Light Co.* 211 Ill. 248.) To authorize a direct appeal on the ground that a franchise is involved, the validity or existence of the corporation or franchise or the right to exercise the privileges of a franchise, it is settled, must be in question. *People ex rel. Dedert* v. *Myers,* 276 Ill. 260; *Wennersten* v. *Sanitary District of Chicago,* 274 Ill. 189.

In practically all of the authorities relied upon by the parties, the legality of the existence or the validity of the organization of a school district was directly in issue. (*People ex rel. Beedy* v. *Regnier,* 377 Ill. 562; *People ex rel. Tudor* v. *Vance,* 374 Ill. 415; *People ex rel. Pfeiffer* v. *Morris,* 365 Ill. 470; *People ex rel. Petty* v. *Thomas,* 361 Ill. 448; *People ex rel. Bartlett* v. *Vass,* 325 Ill. 64; *People ex rel. Leighty* v. *Young,* 309 Ill. 27; *People ex rel. Stout* v. *Drennan,* 307 Ill. 482; *People ex rel. Koensgen* v. *Strawn,* 265 Ill. 292.) Constitutional questions were presented in *People ex rel. Yohnka* v. *Kennedy,* 367 Ill. 236, authorizing a direct appeal. Fact situations closely resembling the facts in the present case resulted in appeals being properly taken to the Appellate Court in *People ex rel. Musgrave* v. *Talbert,* 314 Ill. App. 398; *Romine* v. *Black,* 304 Ill. App. 1, and *People ex rel. Bade* v. *Kennedy,* 300 Ill. App. 16.

Plaintiffs concede the validity and legality of the organization of the Crossville district. Their complaint goes to the validity of the annexation proceeding with respect to a portion of the non-high school district of White county and not to the validity of the corporate existence or organization of the Crossville district itself. On the other hand, defendant does not assail the legality of the organization of the Grayville Community High School District No. 182 nor the authority of the five plaintiffs who were elected its directors. Plaintiffs' information challenged the right of the Crossville district to exercise legal jurisdiction over certain described territory. Whether its detachment from the non-high school district and attachment to the Crossville district became effective and valid prior to the legal inception of the Grayville district is the precise question presented. In short, the non-high school district is not a party to this litigation, and the validity of neither the Grayville district nor the Crossville district is challenged. The issue made by the pleadings involves the construction of sections 89a, 89b, 89c and 96a of the School Law and, in particular, whether the petition filed on October 31, 1941, was void and ineffective for the reason that it was filed subsequent to the petition filed on October 29, 1941, seeking the call of an election to organize the Grayville district. This issue made by the pleadings, decided by the trial court, and argued here does not involve a franchise. Indeed, the stipulation of the parties, in effect, makes this concession when it states that this proceeding was instituted "to determine to which district certain property belongs." Neither an affirmance nor a reversal of the judgment of the circuit court will result in the destruction of the legal existence of either district.

For the reason that a franchise is not involved, the cause is transferred to the Appellate Court for the Fourth District. *Cause transferred.*