(No. 30560.—

THE CHICAGO BAR ASSOCIATION *et al.,* Appellees, *vs.* WILBUR FISKE KELLOGG, Appellant.

*Opinion filed November 18, 1948.*

CLOYES & CAVENDER, of Chicago, for appellant.

CHARLES LEVITON, (CASPER WILLIAM OOMS, WERNER W. SCHROEDER, ALBIN C. AHLBERG, CLARENCE E. FOX, and THEODORE C. DILLER, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The Chicago Bar Association, and sixteen attorneys, members of the committee on unauthorized practice, filed their complaint in the superior court of Cook County charging defendant, a patent attorney, with the unauthorized practice of law and praying he be restrained and enjoined therefrom.

The case is civil in nature, was filed by plaintiffs on behalf of themselves and all other attorneys who might wish to join as well as for the benefit of the public and courts of the county and State, and seeks a permanent injunction against defendant, who is a duly authorized agent to appear before the United States Patent Office, and whose name has appeared on the "Roster of Attorneys" of said office since 1918. Defendant formerly resided in Washington, D. C., and removed to Chicago about 1930 where he has since practiced as a patent attorney.

Defendant does not claim to be an attorney at law licensed to practice law in any State nor does he claim to be entitled to practice law in the Federal courts.

The cause was referred to a master who found defendant was engaged in an unauthorized practice of law and recommended the issuance of an injunction. The chancellor sustained certain objections to the master's report but approved it in the main and entered a decree on November 28, 1947, containing many findings of fact, which included a finding, as stipulated between the parties, that there are many patent attorneys practicing their profession in the city of Chicago under a license similar to the license issued to defendant, who are not authorized to practice law in Illinois, and that many of said attorneys are members of the Patent Law Association of Chicago, and issued a restraining order permanently enjoining defendant, his agents and employees from: (1) rendering legal opinions relating to infringement and enforcement of patents and trade marks: (2) preparing, drafting and filing pleadings and other legal documents and papers in suits at law and in equity in courts of record and before administrative tribunals, other than the United States Patent Office; (3) participating as an attorney in legal proceedings other than United States Patent Office; (4) in behalf of persons represented by him, threatening to bring suit against other parties; (5) preparing and serving notice of and asserting attorney's lien under the Attorney's Lien Act (Ill. Rev. Stat. 1947, chap. 13, par. 14,) and, (6) charging and collecting fees for legal services rendered by him or rendered by him and by others in legal proceedings, other than wherein the United States Patent Office has jurisdiction; and ordered defendant to pay the taxable costs incurred.

Paragraph 18 of said decree varied from the recommendations of the master in that the court found that the defendant had been preparing, drafting and construing assignments, leases and other documents relating to letters

patent; that the rules of the United States Patent Office provide forms for preparing certain papers, including the assignment of patents, licenses for royalty and many other forms; that whether such forms should be used should properly be determined by the patent office, and that in this respect defendant had not been practicing law in violation of the law of the State of Illinois. This deviation from the master's report and the injunctional relief sought pertaining thereto is assigned as cross error by plaintiffs.

At the time defendant was licensed to practice before the patent office he was not required to be an attorney at law. On November 15, 1938, the commissioner of patents, pursuant to authority of section 11 of Title 35 of the United States Code, adopted a rule for the registration of attorneys at law of any of the States or Territories, and for the registration as "agents" of any person who is not admitted to any bar, and who is of good moral character and of good repute, possessed of the necessary legal and scientific qualifications to enable him to render applicants for patents valuable service, and is otherwise competent to advise and assist them in the presentation and prosecution of their patent applications before the patent office. The rules provide that the status of those who have been previously on the Register of Attorneys at the date of the change of the rule will not be affected by the rule. The rule further contains the following provisions: "Registration under the provision of this rule shall not be construed as authorizing persons not members of the bar to practice law. * * * No registered agent shall, in advertising matter or in papers filed in the Patent Office, represent himself to be an attorney, solicitor or lawyer." Rule 17, 35 U.S.C.A. Appendix.

The master found, and the chancellor approved the findings, that defendant held himself out as an attorney at law; hired attorneys for clients without disclosing their identity to the client and without establishing the relation-

ship of attorney and client; participated in legal proceedings; construed patent licenses and rendered opinions with respect to infringement of, as well as interference with, patents; warned of and threatened litigation on behalf of clients; made charges for services for opinions and services concerning infringements of patents and trade-marks; on one occasion, at least, signed his name as attorney to pleadings in court, and, upon another, filed a claim for attorneys lien; and collected fees in one statement for his own services and also for attorneys hired by him or his client, remitting a portion to the attorneys and retaining a part for himself; all in violation of the law of the State of Illinois.

Defendant contends he did nothing he did not have a right to do as a "patent attorney" so licensed by the patent office. The only testimony introduced was the testimony of defendant and two depositions of a former client and the client's wife. Defendant was called under section 60 of the Civil Practice Act. He first objected on the ground the proceedings were in the nature of criminal proceedings and therefore his constitutional rights would be invaded, but appeared later and testified on his own behalf and agreed to the admission of his own exhibits without objection. The trial court held the objection unfounded and, on appeal, defendant waives all objection thereunder, and the point need be given no further consideration.

Both parties ask this court, by direct appeal, to define the rights of those who are not attorneys at law but are entitled to practice before the patent office.

It will be noted the only relief sought in this proceeding is for an equitable decree of injunction. The plaintiffs do not ask the court to inflict any punishment upon defendant for the acts alleged and found to have been committed. No citation for contempt is issued nor any request for same made. No question of disbarment, suspension or discipline is involved, for defendant is admittedly not an

attorney and is therefore not subject to having his name stricken from any roll of attorneys. The appellees cite numerous cases on the question of unauthorized practice of law where injunctive relief was requested or granted, but an examination of those cases discloses they are all contempt cases and the injunctive relief was made auxiliary to the contempt proceedings. Appellees cite two Appellate Court cases of similar import, which would indicate the judgment of this court was not sought in those cases by direct appeal. *Chicago Bar Ass'n* v. *United Taxpayers of America,* 312 Ill. App. 243; *Smith* v. *Illinois Adjustment Finance Co.* 326 Ill. App. 654.

Appellees contend the practice of law is in the nature of a franchise. This may well be so, but there is no question of involvement of that right in this case. True, all of the individual plaintiffs are attorneys at law licensed to practice by this court but their right to practice is in no way involved here, except incidentally as their own business may suffer by the unauthorized acts of the defendant and others similarly situated. No such franchise is involved as far as the defendant is concerned, as he is not licensed to practice law anywhere, and does not claim to be. It is essential to the right of appeal to the Supreme Court on the ground that a franchise is involved that the suit be brought directly for the purpose of determining the right or title to a franchise (*Chicago and Western Indiana Railroad Co.* v. *Dunbar,* 95 Ill. 571,) and if the issues in the case decided by the court involve only the construction, but not the existence of a franchise, the appeal to this court on that ground is not authorized. *Rostad* v. *Chicago Suburban Water and Light Co.* 211 Ill. 248; *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166.

Appellant asserts the action of the trial court deprives him of his constitutional rights, specifically in violation of section 8 of article I and the fifth and fourteenth amendments of the constitution of the United States and section

2 of article II of the constitution of the State of Illinois. He does not seriously argue this position. There is no showing in the record that this point was urged before the trial court, although the pleadings assert the same, but, of course, the pleadings are not determinative of this question. *Chicago Steel Works* v. *Illinois Steel Co.* 153 Ill. 9.

This court will never take jurisdiction of a direct appeal from the trial court upon the mere assertion or contention that a constitutional question is involved. *Iles* v. *Heidenreich,* 271 Ill. 480.

Where it is claimed that the enforcement of the judgment or decree will deprive one against whom it is rendered of some constitutional right, no constitutional question is involved, because it only questions the validity of the judgment or decree. (*Cooper* v. *Palais Royal Theater Co.* 320 Ill. 44; *Albrecht* v. *Omphghent Township,* 324 Ill. 200.) Where the constitution is only incidentally involved the appeal should be taken to the Appellate Court. (*Edlund* v. *Edlund,* 285 Ill. 163.) A mere allegation is not sufficient, does not raise such a question, and is of no importance where the record shows no such question is in fact involved. The record must show such a question was raised in the trial court, otherwise the case will be transferred. (*Campbell* v. *McLain,* 318 Ill. 610; *Davis* v. *Industrial Com.* 297 Ill. 29.) We made a complete review of the cases involving these questions in *Ernhart* v. *Elgin, Joliet and Eastern Railway Co.* 399 Ill. 512. We think the present case does not present a fairly debatable question of the validity of a statute or a construction of the constitution, nor does it involve a franchise. Unless one of these is involved this court will not and cannot take jurisdiction of a direct appeal from the trial court, although the parties consent. *Williams* v. *Williams,* 381 Ill. 507.

There being no question involved here warranting a direct appeal, the cause will be transferred to the Appellate Court, First District.

*Cause transferred.*