(No. 31435.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
UNION TRUST BANK, Appellant.

*Opinion filed May 18, 1950.*

ARTHUR ABRAHAM, of Chicago, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield,
(ROBERT J. BURDETT, and JAMES C. MURRAY, both of Chi-
cago, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

In May, 1944, the People of the State of Illinois, on the relation of the Auditor of Public Accounts, brought an action in the superior court of Cook County against the defendant, the Union Trust Bank, a banking corporation, seeking to forfeit its charter for nonuser. The cause proceeded to a trial in the early part of 1947. At the close of the People's case, defendant moved for judgment in its favor. The motion was denied in June, 1948. Defendant never introduced any evidence and neither party took any further action in the case. In June, 1949, as the result of a general order of the superior court, all pending nonjury cases, including the cause in question, were reassigned to a single judge. After notice by publication, the cause was called for hearing on September 12, 1949, and, on the same day, judgment was entered dismissing the action for the want of prosecution. Forty-six days later, on October 28, 1949, the Attorney General filed a petition to vacate and set aside the judgment. Defendant answered and the petition was heard by the same judge who had entered the judgment of dismissal. From a judgment entered November 19, 1949, vacating the judgment of September 12, 1949, defendant prosecutes this direct appeal.

The first question presented for determination is the jurisdiction of this court to hear the appeal. Although not specifically so designated, the petition to vacate the judgment of September 12, 1949, having been filed more than thirty days after the judgment was entered, will be treated as a motion in the nature of a writ of error *coram nobis.* (*Jerome* v. *5019-21 Quincy Street Building Corp.* 385 Ill. 524.) A proceeding by motion in the nature of a writ of error *coram nobis* is a new action and an order disposing of the motion is final and appealable. (*Cowen* v. *Harding Hotel Co.* 396 Ill. 477; *Christian* v. *Smirinotis,* 388 Ill. 73.) The question remains whether the appeal lies to this court or to the Appellate Court.

Defendant seeks to invoke our jurisdiction on the theory that a franchise is involved, within the contemplation of section 75 of the Civil Practice Act. (Ill. Rev. Stat. 1949, chap. 110, par. 199.) While the privilege or right to be a corporation is a franchise, (*Marnik* v. *Northwestern Packing Co.* 400 Ill. 66; *People* v. *O'Hair,* 128 Ill. 20,) to authorize a direct appeal on the ground that a franchise is involved, there must be a question as to the validity or the existence of the corporation or franchise or the right to exercise the privileges of a franchise. *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166; *Wennersten* v. *Sanitary Dist.* 274 Ill. 189.

The question of the jurisdiction of a court of review is governed by the issues affected by the judgment. This rule is applicable where a direct appeal is sought upon the ground that a constitutional issue is involved, (*Economy Dairy Co.* v. *Kerner,* 371 Ill. 261,) where it is claimed that a freehold is involved, (*Horner* v. *County of Winnebago,* 396 Ill. 382,) or where, as here, it is claimed that a franchise is involved. (*Marnik* v. *Northwestern Packing Co.* 400 Ill. 66.) In the case at bar, the judgment appealed from merely vacates and sets aside the judgment of dismissal in the principal action. Obviously, the issues affected by the judgment of November 10, 1949, do not involve a franchise and defendant does not contend otherwise. Defendant does maintain, however, that, for the purpose of determining the proper court of review, a *coram nobis* proceeding is governed by the nature and character of the original action, (*Schroers* v. *People,* 399 Ill. 428,) and relies upon the fact that the complaint in the principal cause is in the nature of an information in *quo warranto* to forfeit its franchise. In the *Schroers case,* we held that a motion in the nature of a writ of error *coram nobis* to test a judgment of conviction of a felony, although in the nature of a civil action as to degree of proof and similar matters, is not a purely civil action, that the original crim-

inal case is not transformed into a civil action, that this court has jurisdiction on direct appeal, and that, where the original criminal case is a misdemeanor, the Appellate Court has jurisdiction upon appeal. The decision in *Schroers* v. *People* is limited to *coram nobis* proceedings incident to criminal cases and has no application where the principal action is a civil action. Furthermore, even if the *coram nobis* proceeding in the instant case did take on the character of the principal action for purposes of review it would avail defendant nothing. The character of the original action is determinable solely from the issues affected by the judgment and, since the judgment entered dismissed the cause for the want of prosecution, it is clear that it, like the judgment appealed from, did not involve a franchise.

Nor is the State interested as a party or otherwise within the meaning of section 75 of the Civil Practice Act. *Illinois Bell Telephone Co.* v. *Commerce Com.* 302 Ill. 468; *Retail Liquor Dealers Ass'n* v. *Fleck, ante,* p. 24.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*