(No. 33611.—■)

TRICO COMMUNITY UNIT SCHOOL DISTRICT No. 176 *et al.,* Appellants, *vs.* COUNTY BOARD OF SCHOOL TRUSTEES *et al.,* Appellees.

*Opinion filed September 23, 1955.*

HOUSE & HOUSE, of Nashville, for appellants.

WALTER J. SCHUWERK, of Evansville, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Proceeding under one of several methods provided for by section 4 B-2 of the School Code, (Ill. Rev. Stat. 1953, chap. 122, par. 4 B-2,) two thirds of the legal voters residing in three separate and distinct territories lying within Trico Community Unit School District No. 176, referred to in the record as the North, South and Shiloh territories, filed petitions with the Randolph County Board of School Trustees requesting the detachment of said territories from the Trico District and their annexation to Steeleville Community Unit School District No. 138. In each instance, after a public hearing, the board granted the prayer of the petitions and upon administrative review in the circuit court of Randolph County, where the causes were con-

solidated by stipulation, its decisions were affirmed. The Trico District and certain of its residents have filed a consolidated appeal for a review of the order of the circuit court. As was true below, the sole error assigned is that the decisions of the board are against the manifest weight of the evidence.

Before proceeding to a consideration of the merits of this cause, we are met with the question of the jurisdiction of this court to hear the case upon direct appeal. There is no constitutional question raised or argued herein and the only ground upon which an appeal to this court could be predicated is that there is a franchise involved.

Another case entitled *Community Unit School District* v. *County Board of School Trustees of Sangamon County,* No. 33407, was considered at the present term of this court, in which the precise question of detachment and annexation of territory from one school district to another was involved, and we have transferred that cause to the Appellate Court for want of a jurisdictional ground in this court.

An opinion has been rendered in the *Sangamon County case* and reference thereto is hereby made. The conclusion therein reached is now followed and a like decision is made in this cause. It is there held that a proceeding such as this of detachment and annexation of territory as between two school districts does not involve a franchise, and as authority for such proposition the opinion cites *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166.

This cause is ordered transferred to the Appellate Court for the Fourth District.

*Cause transferred.*