(No. 36223.

THE TOWN OF STOOKEY *et al.*, Appellants, *vs.* EAST ST. St. LOUIS & INTERURBAN WATER COMPANY *et al.*, Appellees.

*Opinion filed March 29, 1961.—Rehearing denied May 17, 1961.*

WAGNER, CONNER, FERGUSON, BERTRAND & BAKER, of East St. Louis, (JOHN M. FERGUSON, and WENDEL P. McCRAY, of counsel,) for appellants.

EUGENE H. WIDMAN, City Attorney, of Belleville, and ISHAM, LINCOLN & BEALE, of Chicago, (RICHARD G. FERGUSON, ROBERT F. HANLEY, and A. DANIEL FELDMAN, of counsel,) for appellees.

CHARLES AND TRAUERNICHT, of St. Louis, Missouri, *amici curiae.*

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This action was brought by plaintiffs, the town of Stookey, and others, against the East St. Louis & Interurban Water Company, the city of Belleville and others, seeking a declaratory judgment and injunctive relief to prohibit the Water Company from furnishing water to residents of areas recently annexed to the city of Belleville. From a decree in favor of defendants, the plaintiffs appeal directly to this court asserting that 'we have jurisdiction because a franchise is involved as well as the validity of a municipal ordinance.

The plaintiffs are the town of Stookey, St. Clair County, and J. E. Weinel and Lucille Weinel acting for themselves individually and on behalf of all others similarly situated, who are owners and holders of waterworks revenue bonds issued and sold in 1952 by the town of Stookey, for the

purposes of installing and constructing a waterworks distribution system in what was then barren farm land, but which is now developed into fully populated residential areas.

The original defendants to the suit were East St. Louis & Interurban Water Company, the city of Belleville, Belleville National Savings Bank, the Nisbet Corporation, and Chicago Title and Trust Company, Trustee. The latter three defendants were joined as parties to the suit by virtue of their interest in the proceedings arising out of their right to receive refunds accruing under extension agreements entered by the town of Stookey. However, at the commencement of the trial of the cause, defendant Nisbet Corporation was voluntarily dismissed from the suit and is not now a party.

On May 3, 1960, upon the verified motion of plaintiffs and after notice, the court ordered that a temporary injunction writ be issued against defendant East St. Louis & Interurban Water Company, enjoining and restraining it, during the pendency of this action, from furnishing water service to any of the domestic, industrial or commercial customers of the town of Stookey residing or located within the Pinecrest and Mitchell Place Subdivisions and all additions thereto, or elsewhere, and from offering to furnish such water service to any of such customers and from soliciting or accepting applications from any of such customers for such water service.

From the pleadings, stipulations and evidence, both oral and documentary, the following facts have been established and are undisputed:

In 1952, pursuant to "An Act in relation to waterworks systems, sewerage system and combined waterworks and sewerage systems in townships having less than 500,000 population," (Ill. Rev. Stat. 1959, chap. 139, pars. 160.31 *et seq.*), the town of Stookey adopted Ordinance No. 101 authorizing the issuance and sale of $285,000 in waterworks revenue bonds payable solely from the income and

revenue to be derived from the operation of the Stookey Township Waterworks Distribution System. Thereafter the original distribution system was constructed and installed with the proceeds realized from the sale of said revenue bonds.

At the time of the trial of this cause, there remained outstanding $275,000 of such waterworks revenue bonds bearing interest at the rate of 3¾% per year, payable solely out of the revenues of the Stookey Waterworks Distribution System as originally constructed and all improvements and additions thereto, and said bonds are noncallable.

Prior to the approval, issuance and sale of the waterworks revenue bonds, the town of Stookey entered into a water supply agreement with defendant East St. Louis & Interurban Water Company, which agreement is also known as Stookey Ordinance No. 102. The purpose and function of this water supply agreement dated August 23, 1952, was twofold: (1) it provided Stookey Township with a continuing source of water for use and sale in its system; and (2) it expressly and specifically defined the territory within which Stookey should confine its operation with nonencroachment covenants on the part of both Stookey and the Water Company.

The said contract ordinance contained the following provisions:

"The Water Company hereby agrees that it will not solicit nor accept applications for water service from prospective customers located within that part of the Township of Stookey, County of St. Clair, and State of Illinois, outside the boundary lines of * * * which boundary line is as shown on map of Stookey Township attached hereto and made a part hereof. * * *

"Section 7. If the limits of the City of Belleville should be extended to include any of the territory in which the mains, pipe lines, and facilities of the Township have been installed, and from which service is then being rendered,

and the Water Company is required by franchise or contract, or otherwise, to furnish domestic, industrial or public fire hydrant service in the territory so annexed to the City of Belleville, nothing in this contract shall be held to prevent the rendition of such service by the Water Company from its own water lines in the territory so annexed."

In 1957 annexation proceedings were instituted by which the area known as Pinecrest and Mitchell Place Subdivisions and the respective additions thereto were annexed to the city of Belleville. These areas were platted and developed and residences built therein subsequent to the creation of the Stookey Waterworks Distribution System. Water service by Stookey made the development of those areas possible and Stookey has at all times since furnished water and is now furnishing water to its customers in those areas.

The East St. Louis & Interurban Water Company has, since 1938, operated within the corporate limits of the city of Belleville under an exclusive franchise agreement known as Belleville Ordinance No. 1848.

On January 18, 1960, the city council of the city of Belleville adopted a resolution wherein it authorized, instructed and ordered the Water Company to install fire hydrants at certain locations within the Pinecrest and Mitchell Place areas without delay and with the greatest dispatch possible. On February 1, 1960, the city council adopted another resolution whereby it undertook to amend the resolution of January 18, 1960, and by such amendment resolved that the Water Company, by reason of the provision of section 1 of its franchise agreement with the city, take whatever steps are necessary to provide water service for domestic, public, manufacturing and other purposes in the Pinecrest and Mitchell Place areas which were annexed to and made a part of the city of Belleville.

The evidence shows that the president of the Water Company has announced that it is the intention of his com-

pany to offer domestic, industrial and commercial water service to the residents and inhabitants of the Pinecrest and Mitchell Place areas upon being directed to do so by the city of Belleville.

Plaintiffs contend that the annexation of the territories involved did not affect the rights of the town of Stookey and the Water Company, for the reason that the Water Company is not required by franchise, contract or otherwise to furnish domestic water service to that territory. Defendants, however, maintain that the Water Company was required by its franchise to provide such service.

As we view the issues presented by the pleadings and in the trial court, and argued before us, they center around the construction of the water supply agreement between the town of Stookey and the Water Company. When the issues are so limited, we entertain grave doubts of our jurisdiction on direct appeal, and we must, therefore, consider the grounds upon which plaintiffs have proceeded to this court by direct appeal.

They first assert that the validity of a municipal resolution is involved and the trial judge has certified the public interest requires a direct appeal, thereby giving us jurisdiction on direct appeal. Ill. Rev. Stat. 1959, chap. 110, par. 75.

It is well settled that the mere certification of the trial judge as to the involvement of the validity of a municipal ordinance will not sustain a direct appeal. (*City of Watseka* v. *Wilson,* 11 Ill.2d 265; *Liberty National Bank* v. *Metrick,* 410 Ill. 429.) We have examined the pleadings in the case at bar and find that none of the ordinances or resolutions involved are attacked directly. The sole claim of plaintiffs is that a construction of the ordinances and agreements involved favorable to defendants would impair the rights of the purchasers of the township revenue bonds, and the rights of the township under their contract ordinance. As we view the record, no substantial issue has been raised

regarding the validity of any municipal ordinance or resolution. We think it clear that the decision of the trial court did no more than determine that Township of Stookey Ordinance No. 102, and particularly section 7 thereof, permitted the Water Company to serve customers in the annexed area. The general power of the city of Belleville to enact its present ordinance is undisputed. The issue is rather the effect of these ordinances upon the rights and duties of the Water Company to the town of Stookey. We, therefore, find that this appeal does not involve the validity of a municipal ordinance or resolution. *City of Watseka* v. *Wilson,* 11 Ill.2d 265; *Liberty National Bank* v. *Metrick,* 410 Ill. 429.

The only other ground suggested for direct appeal is the claim that a franchise is involved. In the present case, there is no question as to the fact that the Water Company is acting under a franchise from the city of Belleville. The issues in dispute concern the rights and duties of the Water Company under that franchise. It is essential to the right of direct appeal to the Supreme Court on the ground that a franchise is involved, that the suit be brought directly for the purpose of determining the right or title to the franchise. (*The Chicago Bar Ass'n* v. *Kellogg,* 401 Ill. 375, 380; *Chicago and Western Indiana Railroad Co.* v. *Dunbar,* 95 Ill. 571.) If, as in this case, the issues could at most, involve only the construction of a franchise, and not its existence, a direct appeal to this court on that ground is not authorized. *People ex rel. Groff* v. *Board of Education,* 383 Ill. 166; *Wennersten* v. *Sanitary District of Chicago,* 274 Ill. 189, 192; *Rostad* v. *Chicago Suburban Water and Light Co.* 211 Ill. 248.

Since this case presents no question warranting a direct appeal, the cause must be transferred to the Appellate. Court, Fourth District.

*Cause transferred.*