(No. 37156.—

ORLEANA B. KELLY *et al.*, Appellants, *vs.* WILLIAM L. GUILD, Attorney General, *et al.*, Appellees.

*Opinion filed September 28, 1962.*

C. M. GRANGER and JOHN H. BECKERS, both of Kankakee, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW and A. ZOLA GROVES, of counsel,) for appellee the Attorney General; EDWIN W. SALE, of Kankakee, for appellee Stewards Foundation.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

This is a direct appeal from a decree of the circuit court of Kankakee County construing the will of Jennie K. Groenewoud, in which she bequeathed one half the residue of her estate "to the Trustees of Old Peoples Home Trust of Kankakee, Illinois, to be used in establishing an old people's home in accordance with the purposes of said trust."

·     Plaintiffs, as heirs of the testator, brought this action by which they claimed said residue, joining as defendants the executor, the Attorney General, the State's Attorney, the former trustees of the Old Peoples Home Trust, and the Stewards Foundation, which claimed the bequest either as a successor trustee or under the doctrine of *cy pres*. The trial court awarded the bequest to the Stewards Foundation and plaintiffs appealed.

We are met at the outset by the question of this court's jurisdiction on direct appeal. Although all the parties to this appeal seek a decision from us on the merits, it is our duty to transfer this cause unless we can find proper grounds for jurisdiction. Ill. Rev. Stat. 1961, chap. 110, par. 75; *Hall v. Hall,* 20 Ill.2d 221; *Oak Park Trust and Savings Bank v. Village of Middlebury,* 20 Ill.2d 122.

Both the appellants and the Attorney General insist that a franchise is involved. In addition, appellants alone argue that jurisdiction can be sustained on the ground that "the State is interested as a party or otherwise." To determine the validity of these contentions, we must review the background of this appeal.

Many years prior to the present litigation one Azariah Buck died leaving the residue of his estate in trust to certain named individuals to build and maintain an old people's home. This trust was administered in the circuit court of Kankakee County under the name "Old Peoples Home Trust," in case No. 16327. On July 22, 1959, upon petition of the trustees, the circuit court found that the trust estab-

lished by the Buck will was a valid charitable trust in perpetuity, evidencing a general charitable intent, and permitted application of the *cy pres* doctrine and substituted the Stewards Foundation in lieu of the corporation suggested to be formed in the Buck will and the individual trustees under the Buck will.

Jennie K. Groenewoud died on October 2, 1959, leaving a will executed in 1956, bequeathing one half of the residue of her estate "to the Trustees of the Old Peoples Home Trust of Kankakee, Illinois, to be used in establishing an old people's home in accordance with the purposes of said trust."

In this action the trial court found that the Groenewoud will showed a general charitable intent and that the Stewards Foundation had heretofore been found to be a proper instrument for effecting the intent and purposes of the Buck will. The court therefore decreed that one half the residue be paid over to the Stewards Foundation to be used by it with the property transferred by the Buck trustees to establish and maintain an old people's home in accordance with the decree of July 22, 1959.

On this appeal plaintiffs argue that since the Foundation is a general not-for-profit charitable corporation, not authorized to accept trusts under the Trust Companies Act, (Ill. Rev. Stat. 1961, chap. 32, pars. 287 *et seq.*) it was not and could not be appointed a successor trustee. They also maintain that the Groenewoud will discloses no such general charitable intent as to permit the application of the doctrine of *cy pres*. Therefore, they claim the bequest failed and should be paid to them as heirs of the decedent.

The Foundation and the Attorney General argue in the alternative that the bequest may go to the Foundation as successor trustee of the Old Peoples Home Trust or by virtue of the *cy pres* doctrine.

The plaintiffs and the Attorney General assert that this court has jurisdiction based upon the foregoing facts be-

514

cause a franchise is involved. We are referred to *Holden Hospital Corp.* v. *Southern Illinois Hospital Corp.* 22 Ill.2d 150; *People ex rel. Blake* v. *Oak Wood Cemetery Ass'n,* 17 Ill.2d 64, and *Rosehill Cemetery Co.* v. *Lueder,* 406 Ill. 458, as authority for assuming jurisdiction on direct appeal. In the *Holden Hospital* case we took jurisdiction on the specific ground that a freehold was involved. In the *Rosehill Cemetery Co.* case, our appellate jurisdiction was invoked because the constitutionality of the Cemetery Care Act was directly involved and passed upon by the trial court. In the *Oak Wood Cemetery* case, our appellate jurisdiction on the ground that a franchise was involved was clear since the trial court entered a judgment of ouster in a *quo warranto* proceeding seeking to forfeit the corporate franchise.

The case at bar, on the other hand, is a will construction suit to determine the proper disposition of a certain bequest. Incidental to that determination are questions involving the interpretation of the Trust Companies Act and its effect on a not-for-profit corporation. To authorize a direct appeal on the ground a franchise is involved, there must be a question as to the validity or the existence of the corporation or franchise or the right to exercise the privileges of a franchise. (*People* v. *Union Trust Bank,* 406 Ill. 208, 210.) But the question of what construction shall be placed upon the powers granted to a corporation under its charter does not involve a franchise so as to authorize a direct appeal to the Supreme Court. *Town of Stookey* v. *East St. Louis & Interurban Water Co.* 22 Ill.2d 115, 121; *Wennersten* v. *Sanitary District of Chicago,* 274 Ill. 189, 192.

In the present case the issues do not involve the undisputed validity of the Foundation's corporate charter which permits them to establish old people's homes, but at most involve a construction of that charter and the Trust Companies Act. We, therefore, hold that a franchise is not involved in this appeal.

Plaintiffs also seek to invoke the jurisdiction of this

court on the ground that "the State is interested as a party or otherwise." In support of this view they cite *Hays* v. *Illinois Industrial Home for the Blind,* 12 Ill.2d 625, where we took jurisdiction on direct appeal. That case involved a question of whether the Illinois Industrial Home for the Blind or the Lighthouse for the Blind was entitled to a bequest in a will. The Illinois Industrial Home for the Blind was established as a State charitable institution under the supervision of the Department of Public Welfare, (Ill. Rev. Stat. 1957, chap. 23, pars. 2, 3,) and the State was, therefore, directly interested. In the case at bar the Foundation is a private charitable corporation, and the State has no such direct, substantial and monetary interest in the outcome of this litigation as to constitute a basis for a direct appeal. *Keplinger* v. *Lord,* 357 Ill. 571; *Hitchcock* v. *Greene,* 252 Ill. 519.

Since this case presents no question warranting a direct appeal, the cause is transferred to the Appellate Court, Second District.

*Cause transferred.*